EDWARD H. KUBO, JR.        #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON         #4532
Chief, Major Crimes Section

WES REBER PORTER          #7698
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: wes.porter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 24 2006

at ___ o'clock and ___ min. ___M
SUE B___    CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00373 DAE |
| | ) | |
| Plaintiff, | ) | **MEMORANDUM OF PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE A. KAKINAMI | ) | |
| a.k.a.  "Jenny Hidano" | ) | |
| "Sheila Lum" | ) | |
| "Yong Chong Holden" | ) | DATE:  January 24, 2006 |
| "Donna Sallee" | ) | TIME:  3:00 p.m. |
| | ) | JUDGE:  Leslie E. Kobayashi |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal

Procedure, the UNITED STATES OF AMERICA, by its attorney, the

United States Attorney for the District of Hawaii, and the

Defendant LESLIE A. KAKINAMI and her attorney, Pamela Byrne,

Assistant Federal Public Defender, have agreed upon the following:

1.    The Defendant acknowledges that she has been charged in the nine-count Indictment with, first, bank fraud and attempted bank fraud, in violation of Title 18, United States Code, Section 1344 and 1349 (Counts 1-7) and, second, aggravated identify theft, in violation of Title 18, United States Code, Section 1028A (Counts 8 & 9).

2.    The Defendant has read the charges against her contained in the Indictment and those charges have been fully explained to her by her attorney.

3.    The Defendant fully understands the nature, elements and penalties of the crimes with which she has been charged.

4.    The Defendant will enter a voluntary plea of guilty to Counts 3 through 5 and Count 9 of the Indictment charging her with bank fraud and aggravated identity theft. Defendant agrees to pay restitution to all of the victims identified in the indictment, both in the counts to which she is pleading and those to be dismissed, and/or their respective financial institution. The parties agree to the applicability of the four-level enhancement of § 2B1.1(b)(1)(C), because the amount of loss, including intended loss, is greater than $10,000. In exchange for her guilty plea, the United States agrees to

dismiss the remaining counts of the Indictment after sentencing. Lastly, the parties have made certain factual and legal stipulations regarding sentencing as set forth in paragraphs 8 and 10 below.

5.    The Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6.    The Defendant enters this plea because she is in fact guilty of bank fraud and aggravated identity theft, as charged in Count 3 through 5 and 9 of the Indictment.

7.    The Defendant understands that the penalties for the offenses to which she is pleading guilty include:

<u>As to Counts 3 through 5 (bank fraud)</u>:

a.    up to 30 years imprisonment; a fine of up to $ 1,000,000; a term of supervised release of up to five years; and a $ 100 special assessment, for each count;

<u>As to Count 9 (aggravated identity theft)</u>

b. imprisonment of two years (which shall run <u>consecutively</u> to any term of imprisonment imposed as to Count 3-5 of the Indictment); a fine of up to $250,000; a term of supervised release of up to three years; and a $ 100 special assessment;

c.    The Defendant agrees to pay $100 for each count to which she is pleading guilty to the District Court's

Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

d.  The Defendant further agrees to make restitution to all the victims in the case, including those identified in the indictment and their respective financial institutions.

8.  The Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which the Defendant is pleading guilty:

a.  At all times described herein, Bank of Hawaii ("BOH") and First Hawaiian Bank ("FHB") were financial institutions with deposits insured by the Federal Deposit Insurance Corporation ("FDIC").

b.  The Defendant possessed identification cards that contained "means of identification," the name and social security number of an actual person, Sheila Lum.

c.  The Defendant knew that she could either cash false or fraudulent checks at BOH or access a valid bank account at FHB, bearing account number xx-xx8519, owned by Sheila Lum, an

4

actual person, for deposits and withdrawals, all as part of her
scheme or artifice to defraud and obtain money by means of false
and fraudulent pretenses, representations, and promises from BOH
and FHB.

d.   It was part of the scheme and artifice to
defraud FHB to unlawfully obtaining written and signed personal
checks without authority from the owner/drafter of the checks.
The Defendant then altered the checks by forging and changing the
intended payee to a person of her choosing.  The Defendant
changed the payee on three (3) such checks to Sheila Lum, an
actual person.

e.   It was part of the scheme or artifice to
defraud and obtain money by means of false and fraudulent
pretenses, representations, and promises that the Defendant
would, and did, deposit checks which she knew would not be
honored by her (the defendant), because they were stolen and/or
forged.  Defendant after depositing such checks either cashed the
checks or made withdrawals against those monies and funds.

f.   On or about July 8, 2005, in the District of
Hawaii, the Defendant unlawfully and knowingly executed and
attempted to execute a scheme and artifice to defraud First
Hawaiian Bank, and to obtain moneys, funds, credits, assets,
securities, and other property owned by and under the custody and
control of the FHB by means of material false and fraudulent

pretenses, representations, and promises, by presenting for deposit the following checks after forging and altering the payee on a personal check to reflect Sheila Lum, an actual person, with a valid account at FHB:

| DATE | CHECK # | AMOUNT | BANK | PAYEE |
|------|---------|--------|------|-------|

Checks Deposited into FHB Account # xx-xx8519:

| DATE | CHECK # | AMOUNT | BANK | PAYEE |
|------|---------|--------|------|-------|
| 7/6/05 | 1240 | $3,840 | Smith Barney | Sheila L.C. Lum |
| 7/8/05 | 4325 | $2,800 | MBNA America | Sheila Lum |
| 7/8/05 | 1397 | $7,000 | USAA Federal Savings Bank | Sheila Lum |

g.    The Defendant then withdrew, or attempted to withdraw, the following amounts on the following days for said FHB account:

| DATE | AMOUNT | BANK | PAYEE |
|------|--------|------|-------|

Withdrawals, or attempted withdrawals, FHB Account # xx-xx8519:

| DATE | AMOUNT | BANK | PAYEE |
|------|--------|------|-------|
| 7/6/05 | $2,000 | Smith Barney | Sheila L.C. Lum |
| 7/8/05 | $6,000 | MBNA America | Sheila Lum |

h.    The Defendant knew that all of the checks that she passed and statements promising to pay in drafting said checks, were material, false and performed with an intent to defraud.

i.    The Defendant did knowingly use, in and affecting interstate commerce, without lawful authority, one or more "means of identification" of another person, to wit: the

6

name and social security number of Sheila Lum, an actual person, during and in relation to the bank frauds, charged in Counts 3-7 respectively.

j.  The Defendant assumed the identity of Sheila Lum, an actual person, for the purpose of, *inter alia*, using her bank account and funneling stolen or altered checks into his account and then taking the funds out for her personal gain.

9.  Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

10.  Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

a.  Factual stipulations: The parties agree that the facts set forth above in paragraph 8 are incorporated herein by reference.

b.    Sentencing stipulations:

(i)   The parties agree to the applicability of the four-level enhancement of § 2B1.1(b)(1)(C), because the amount of loss, including intended loss, is greater than $10,000.

(ii) Based upon information presently known to the government, the prosecution agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the Defendant has clearly demonstrated acceptance of responsibility for the offense, entitling her to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a).  The government further agrees that because the Defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the Defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant to U.S.S.G. § 3E1.1(b)(2); and

(iii)   The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue that the Defendant has not accepted responsibility in the event of receipt of new Indictment relating to that issue, and (2) to call and examine witnesses on that issue in the event that the

8

probation office finds to the contrary of the prosecution's intentions or the court requests that evidence be presented.

11.   The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.   Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of the Defendant in connection with this matter: none.

13.   The Defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal, except as indicated in subparagraph "b" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

a.   The Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except

9

that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

　　　　b.  If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal that portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

　　　　c.  The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

　　　　14.  The Defendant understands that the Court in imposing sentence will consider the provisions of the Sentencing Guidelines and the factors of 18 U.S.C. § 3553(a).  The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

　　　　15.  The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless

the Court decides that a presentence report is unnecessary.  The
Defendant understands that the Court will not accept an agreement
unless the Court determines that the remaining charges adequately
reflect the seriousness of the actual offense behavior
and accepting the agreement will not undermine the statutory
purposes of sentencing.

16.  Defendant understands that by pleading guilty she
surrenders certain rights, including the following:

a.  If Defendant persisted in a plea of not guilty
to the charges against her she would have the right to a public
and speedy trial.  The trial could be either a jury trial or a
trial by a judge sitting without a jury.  The Defendant has a
right to a jury trial.  However, in order that the trial be
conducted by the judge sitting without a jury, the Defendant, the
prosecution and the judge all must agree that the trial be
conducted by the judge without a jury.

b.  If the trial is a jury trial, the jury would
be composed of twelve laypersons selected at random.  Defendant
and her attorney would have a say in who the jurors would be by
removing prospective jurors for cause where actual bias or other
disqualification is shown, or without cause by exercising
peremptory challenges.  The jury would have to agree unanimously
before it could return a verdict of either guilty or not guilty.
The jury would be instructed that the Defendant is presumed

11

innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

c.  If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

d.  At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant.  Defendant would be able to confront those prosecution witnesses and her attorney would be able to cross-examine them.  In turn, Defendant could present witnesses and other evidence on her own behalf.  If the witnesses for the Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

e.  At a trial, the Defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

f.  At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

17.  Defendant understands that by pleading guilty, she is waiving all of the rights set forth in the preceding paragraph.  Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

18.  Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

19.  Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

20.  Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

aggravation or mitigation relevant to the issues involved in

sentencing.

JAN 24 2006

DATED: January ___, 2006, at Honolulu, Hawaii.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


RONALD G. JOHNSON
Chief, Major Crimes

LESLIE A. KAKINAMI
Defendant


WES REBER PORTER
Assistant U.S. Attorney

PAMELA J. BYRNE
Attorney for Defendant