```
EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON  #4532
Chief, Major Crimes Section

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  les.osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00373 DAE |
| | ) | |
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | DEFENDANT'S § 2255 MOTION |
| vs. | ) | TO VACATE SENTENCE; |
| | ) | EXHIBITS 1-5; |
| LESLIE A. KAKINAMI, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
§ 2255 MOTION TO VACATE SENTENCE

The United States of America, by and through EDWARD H. KUBO, JR., United States Attorney for the District of Hawaii, and LESLIE E. OSBORNE, JR., Assistant United States Attorney, hereby submit the government's opposition to the Defendant's § 2255 Motion to Vacate Sentence. For the reasons discussed herein, the government respectfully requests that the Court deny the motion.

**<u>INTRODUCTION</u>**

Defendant, Leslie A. Kakinami, is currently confined at the Hawaii State Women's Correctional Center in Kailua, Hawaii. Complaint at page 1, Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant was arrested on August 12, 2005, by Hawaii state authorities and was subsequently charged and convicted in federal District Court for the District of Hawaii and in the State of Hawaii First Circuit Court. Exhibit 1.

Following her state bail hearing and arraignment, the Defendant was transferred to federal custody on October 6, 2005, pursuant to a writ of habeas corpus ad prosequendum. Exhibit 2. On August 17, 2006, Defendant was sentenced to a total of 69 months by the United States District Court for the District of Hawaii for three counts of Bank Fraud and one count of Aggravated Identity Theft in violation of 18 U.S.C. §§ 1344 & 1349; 18 U.S.C. § 1028A, respectively. <u>See</u> Federal Judgment and Commitment Order from 05-CR-373 (D. Haw.). The federal J&C was silent as to whether the federal sentence was to be served concurrent or consecutive to any subsequent state sentence on the same, or related, criminal conduct. <u>Id.</u>

On August 22, 2006, Defendant was transferred back to the custody of the State of Hawaii. On August 28, 2006, Defendant was sentenced to a 10-year term of imprisonment by the

State of Hawaii First Circuit Court for Forgery in the 2nd Degree, Theft in the 2nd Degree, and Identity Theft in the 2nd Degree in violation of Haw. Rev. Stat. § 708-0852, § 708-0831(1b) and § 708-0839.7, respectively.  Exhibit 3.  The state sentencing judge recommended the sentence be served concurrently with the federal sentence imposed on August 17, 2006.  Id.

On November 30, 2006, Ms. Kakinami's state sentencing judge recommended the Defendant serve her state sentence in a federal facility and ordered that she be "immediately transported from State custody and be remanded to the care and custody of the Federal Marshal service, whereby she shall be transported to a Federal Incarceration Facility."  Exhibit 3.

On February 2, 2007, Defendant filed a § 2255 motion in her federal criminal case before this Court.  Defendant proposes that this Court order the United States Marshals Service (USMS) and the Federal Bureau of Prisons (BOP) to immediately take custody of Defendant so that she may begin serving her federal sentence concurrently with her state sentence as recommended by the Hawaii State Court Judge.

The Intergovernmental Agreement between Hawaii and the federal government requires that state inmates do not have state sentences longer than 3 years.  This Defendant was ordered to serve 10 years by the state and is not eligible for transfer to the FDC Honolulu.  Exhibits 4 and 5.

As discussed below, the Defendant and the State of Hawaii have no right or authority to direct how a federal sentence will be served; the State of Hawaii has not released primary custodial jurisdiction of the Defendant; and Defendant's § 2255 motion must be dismissed for lack of standing and subject matter jurisdiction.

## LACK OF JURISDICTION

Defendant brings this lawsuit pursuant to habeas statute 28 U.S.C. § 2255, Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Defendant has improperly filed this petition because a § 2255 motion may only be used to challenge the legality of the imposition of a sentence, not the manner in which the sentence is executed. United States v. Addonizio, 442 U.S. 178 (1979). Usually, the appropriate jurisdictional basis for an inmate to challenge a sentence computation or the manner of execution is by a 28 U.S.C. § 2241 habeas petition against the custodian of the institution where the inmate is currently housed. United States v. Espinoza, 866 F.2d 1067 (9th Cir. 1989); 28 U.S.C. § 2242. However, the Defendant is not in the federal custody of the BOP, has not had her federal sentence computed or a federal correctional facility designated; therefore, a § 2241 habeas petition would not be proper against a federal agency or any employees at this time.

Defendant's claim does not actually challenge the computation of her federal sentence; rather, Defendant seeks a shift in primary jurisdiction from state to federal custody so that she may begin serving her sentences concurrently as envisioned by the state sentencing judge.  The issue of whether she will serve her sentences of imprisonment in either state or federal custody is a matter to be agreed upon by the two sovereigns, and is not subject to attack by the inmate.  <u>Poland v. Stewart</u>, 117 F.3d 1094, 1098 (9th Cir. 1997), <u>cert. denied</u>, 118 S. Ct. 1533 (1998); <u>Bowman v. Wilson</u>, 672 F.2d 1145, 1150 (3rd Cir. 1982) (an inmate who violates the laws of more than one sovereign does not have standing to challenge how the jurisdiction of her imprisonment will be exercised); <u>see</u> <u>also</u> <u>Ponzi v. Fessenden</u>, 258 U.S. 254, 262 (1922)(the Supreme Court held the question of who exercises custodial jurisdiction over an individual who was charged with crimes against two sovereigns was a matter of comity between the two sovereigns).

Based on the above, the motion must be denied for lack of subject matter jurisdiction under § 2255 and because the Defendant  has no standing to challenge the manner in which primary jurisdiction has been exercised between two sovereigns.

// //

// //

// //

**ARGUMENT**

**Even If the Court Finds the Defendant Has Established Jurisdiction and Standing, the Defendant Does Not Have The Right To Dictate Where Or How Her Federal Sentence Will Be Served.**

Sentenced prisoners do not have a Constitutional right to coordinate the execution of their sentence or to select any particular place of imprisonment, this discretion of designation has been granted to the power of the Attorney General and the Federal Bureau of Prisons. 18 U.S.C. §§ 4001, 4042. See Neal v. Shimoda, 131 F.3d 818, 828 (9th Cir. 1997) (a prisoner does not have a constitutional right to be housed at a particular institution).

**I.  A State Court Has No Authority to Order a Federal Agency to Take Custody of a State Inmate for the Service of a State Sentence.**

A state court has no authority to order how a federal sentence is to be computed or served. Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir. 2001) cert. denied, 123 S. Ct. 889 (2003); Del Guzzi v. United States, 980 F.2d 1269 (9th Cir. 1992); United States v. Yates, 58 F.3d 542, 550 (10th Cir. 1995); and Queenel v. Meese, 656 F. Supp. 130, 131 (N.D. Cal. 1986)(holding a state court had no power to order the U.S. Attorney General to transfer a state inmate to a federal prison in order to serve his state and federal prison sentence concurrently as ordered by the state court); see also 18 U.S.C. § 4042.

6

In Del Guzzi, the Ninth Circuit reviewed a state sentencing judge's order that recommended the state inmate serve his state sentence in a *federal* prison. Del Guzzi, 980 F.2d 1269. The Court held that the authority of the state sentencing judge was limited to sending the state inmate to *state* prison to serve his state sentence. Id. at 1270. (Emphasis added). In the concurrence, the Ninth Circuit Judge highlighted that "[s]tate sentencing judges and defense attorneys in state proceedings should be put on notice. Federal prison officials are under no obligation to, and may well refuse, to follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility." Id. at 1272.

In this case, Defendant Kakinami is in a situation much like the petitioner in Del Guzzi, where she and the state court have decided that her state sentence would be better served in a federal correctional facility. As in Del Guzzi, Defendant Kakinami has no right, and the State court has no authority, under the Constitution or federal laws to have Defendant's state sentence be served in a federal correctional facility.

**II. Regardless of Primary Jurisdiction, a State Court Has No Authority to Order a Federal Sentence to Run Concurrent to the Service of a State Sentence.**

As a general jurisdictional rule, the first sovereign to arrest a defendant usually has priority of jurisdiction for trial, sentencing and incarceration. See United States v.

Warren, 610 F.2d 680, 684-85 (9th Cir. 1980).  If an inmate is transferred from state custody to federal authorities pursuant to a writ of ad prosequendum, the federal government is considered simply to be borrowing the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying and sentencing. Jake v. Herschberger, 173 F.3d 1059, 1061 (7th Cir. 1999); see also Thomas v. Brewer, 923 F.2d 1361, 1366-67 (9th Cir. 1991) (noting that a state prisoner's status does not change when transferred to federal custody by writ of ad prosequendum).  The principles of comity require the return of the prisoner back to the primary custodian when the prosecution is complete.  If the defendant is sentenced in both the federal and state courts, the general rule is that the sentence imposed by the sovereign with primary jurisdiction is served first.

Each sovereign is responsible for it's own sentence, and "a determination as to concurrence of sentence made by one sovereign does not bind the other."  Jake v. Hershberger, 173 F.3d 1059, 1065 (7th Cir. 1992).  The computation and execution of a state sentence is a matter within the province of the state authorities that neither the Federal Bureau of Prisons nor the federal sentencing court can control.  Taylor v. Sawyer, 284 F.3d 1143 (9th Cir. 2001); Jake, 173 F.3d at 1065.  Naturally, the reverse reflects the same rule in that state courts may not order how a federal sentence is to be computed or served.  Id.

If the federal judgment and commitment order is silent as to concurrence and the state authorities have primary jurisdiction over the Defendant, the BOP applies the presumption that the federal sentence will run consecutive to the service of the state sentence, regardless of which sentence was imposed first. This presumption is drawn from 18 U.S.C. § 3584(a) which generally requires consecutive service of sentences imposed at different times unless the court specifies concurrent service.[1]

In this case, the State of Hawaii gained primary jurisdiction over the Defendant when state authorities arrested her on August 12, 2005. The October 6, 2005, transfer of Ms. Kakinami to federal authorities pursuant to a writ ad prosequendum did not change primary custodial jurisdiction. Once the federal court sentenced Ms. Kakinami on August 17, 2006, they were done "borrowing" her and returned her to state custody on August 22, 2006. Although the August 28, 2006, state J&C ordered the state sentence to run concurrent to federal sentence, the

---

[1] Although the Ninth Circuit has held that federal courts cannot order a federal sentence to run, either concurrently or consecutively, to a non-existent state sentence, if the federal court so issues a recommendation either before or after the state sentence is issued, the BOP, at a minimum will consider the order as a recommendation. <u>United States v. Clayton</u>, 927 F.2d 491 (9th Cir. 1991); BOP Program Statement 5160.05. Since the BOP usually follows a concurrent recommendations from federal sentencing judges, the issue of the authority of a federal judge to order a concurrent sentence is rarely tested.

state does not have the authority to not direct how the federal sentence was to be served.

Under Program Statement 5160.05,[2] the BOP may run a federal sentence concurrent to a state sentence if it is "consistent with the intent" of the federal sentencing court. However, the judgment and commitment order for Defendant's federal sentence is silent as to concurrence. Based on a review of federal and state sentencing documents, Ms. Kakinami's federal sentence will not commence until she has completed her state sentence or the state of Hawaii has otherwise relinquished primary custodial jurisdiction. See Declaration of Karen Craighead, Operations Manager, Designation and Sentence Computation Center, Federal Bureau of Prisons.

### III. The State of Hawaii Has Not Relinquished Primary Custodial Jurisdiction over Defendant.

In certain situations, the Federal Bureau of Prisons may accept a state inmate waiting to serve a federal sentence if the state authorities relinquish primary custodial jurisdiction over the inmate.[3] Relinquishment can be accomplished by means

---

[2] Under 18 U.S.C. § 3621(b) and P.S. 5160.05, the Bureau may consider designation to the state facility for service of the federal sentence. An inmate in state custody who wishes to make such a request may write to the BOP Designation and Sentence Computation Chief, being sure to include copies of her state and federal sentencing documents.

[3] The Federal Bureau of Prisons may also accept a prisoner in primary state custody if a contract exists between the BOP and the state, where the state has agreed to pay the

such as parole, bail, conviction dismissal, satisfaction of sentence, or if the state grants the defendant time-served. United States v. Warren, 610 F.2d 680 (9th Cir. 1980); United States v. Cole, 416 F.3d 894 (8th Cir. 2005).  If primary jurisdiction is relinquished, the United States Marshals Service would usually assume custody of the inmate pursuant to an outstanding detainer, then the BOP would designate the inmate to a federal facility.

At this time, the State of Hawaii has not relinquished primary jurisdiction and the Federal Bureau of Prisons does not have the authority to accept Defendant into BOP custody to begin the service of her federal sentence.  See  Craighead Decl. at ¶5. The Plaintiff asserts that the Hawaii First Circuit Court issued an sentencing order dated November 30, 2006, meant to mandate her transfer into federal custody.  Id., Compl. at 4.  However, the language of the Order did not have the effect of relinquishing primary jurisdiction.  See Craighead Decl. ¶8.

---

costs of the incarceration.  The Federal Bureau of Prisons has an agreement to house a limited number of sentenced Hawaii State inmates at the Federal Detention Center in Honolulu, Hawaii. However, the guidelines of the agreement generally require that the state inmate be sentenced to no more than 3 years.  In this case, Ms. Kakinami received a state sentence of 10 years, well above the general maximum.  Consequently, the Hawaii Department of Public Safety has not recommended her for placement at the Federal Detention Center.  See Letter from BOP Legal Counsel, dated February 26, 2007.

11

Based on the foregoing arguments, Defendant will remain in the primary custodial jurisdiction of the State of Hawaii to serve her state sentence. Pursuant to a USMS detainer, the State of Hawaii should notify the federal authorities when Ms. Kakinami has completed her state sentence. At that time, she will be transferred to BOP custody, where her federal sentence will be appropriately reviewed and computed by the BOP Designation and Sentence Computation Center.

## **CONCLUSION**

Defendant's complaint fails to state a proper § 2255 claim for standing or subject matter jurisdiction, Defendant and the State of Hawaii do not have the right to order that a federal facility be designated to serve a state sentence, Defendant has not been released from Hawaii state primary custodial jurisdiction; therefore, this complaint should be dismissed.

DATED: Honolulu, Hawaii, February 28, 2007.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


 /s/ Leslie E. Osborne, Jr.
LESLIE E. OSBORNE, JR.
Assistant U.S. Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at his last known address, on February 28, 2007:

**Served by First Class Mail:**

Christopher R. Evans, Esq.
2524 Oahu Avenue
Honolulu, HI 96822

Attorney for the Defendant
LESLIE A. KAKINAMI

DATED:  Honolulu, Hawaii, February 28, 2007.

/s/ Cheri Abing