EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

LES OSBORNE
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-2958

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 1:05-00373 DAE |
| Plaintiff, ) | |
| vs. ) | DECLARATION OF KAREN CRAIGHEAD, FEDERAL BUREAU OF PRISONS, U.S. DEPARTMENT OF JUSTICE |
| LESLIE A. KAKINAMI, ) | |
| Defendant. ) | |

   I, KAREN CRAIGHEAD, declare and state the following:

   1.   I am employed by the United States Department of Justice, Federal Bureau of Prisons (BOP), as an Operations Manager for the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  The DSCC is the newly centralized location where the designation and sentence computation functions for the BOP are now performed.  I have been employed by the BOP for 14 years, worked in the area of inmate sentence computations for 10 years, and have been assigned to the DSCC since November 2005.  In addition to my supervisory duties, my job responsibilities include initial inmate classifications and designations of defendants sentenced by federal judges; ensuring the legality and duration of

DECLARATION OF KAREN CRAIGHEAD
CR 05-373 DAE (D. HAW.)

Page 1

**EXHIBIT 5**

confinement for commitments to the custody of the Attorney General; providing final administrative review for the interpretation and classification of court orders relating to commitment and the related computation of release dates; and acting as a BOP liaison with the United States Marshals Service (USMS), the courts, the Federal Bureau of Investigation and many other federal, state and local law enforcement agencies.

2. I am familiar with BOP record-keeping systems, I have access to such records, and as part of my duties, I provide BOP designation and sentence computation assistance to the United States Attorney's Offices.

3. In this case, I am aware that Ms. Kakinami is incarcerated at the Hawaii State Women's Correctional Center in Kailua, Hawaii, and has filed a motion requesting the BOP immediately take her into federal custody.

4. In evaluating Ms. Kakinami's claim I reviewed the documents provided to me by BOP Legal Counsel, to include: a copy of the habeas petition, a copy of Ms. Kakinami's Federal Presentence Investigation Report and Judgment and Commitment Order for Case No. 05-CR-373 (D. Haw.); Ms. Kakinami's State Judgment and Commitment Order from Case No. 05-1-1736 (Hawaii First Circuit Court); Hawaii First Circuit Court Supplemental Sentencing Order dated November 30, 2006; and USMS Prisoner Tracking Records.

5. Based on my review of the records, it is my professional opinion that Ms. Kakinami is in the primary custodial jurisdiction of the State of Hawaii and the Federal Bureau of Prisons does not have the authority or jurisdiction to accept Ms. Kakinami into BOP custody to begin the service of her federal sentence at this time.

6. On August 12, 2005, Ms. Kakinami was arrested by Hawaii State authorities. On October 6, 2006, Ms. Kakinami was borrowed from state custody pursuant to a federal writ for prosecution of her federal charges. See Ms. Kakinami's Federal Presentence Investigation Report for Case No. 05-CR-373 (D. Haw.). She was sentenced to a total of 69 months by the United States District Court for the District of Hawaii for three counts of Bank Fraud and one count of Aggravated Identity Theft in violation of 18 U.S.C. §1344 & 1349; 18 U.S.C. §1028A, respectively. See Federal Judgment and Commitment Order from 05-CR-373 (D. Haw.).

7. On August 22, 2006, Ms. Kakinami was returned to state custody and a federal detainer was lodged by the USMS. On August 28, 2006, she was sentenced to a 10 year term of imprisonment by the State of Hawaii First Circuit Court for Forgery in the 2nd Degree, Theft in the 2nd Degree, and Identity Theft in the 2nd Degree in violation of HAW. REV. STAT. §708-0852, §708-0831(1b) and §708-0839.7, respectively. See Hawaii Judgment and Commitment Order from 05-1-1736 (Hawaii First Circuit Court).

8. In some instances, the BOP will accept state inmates awaiting service of a federal sentence if the state authorities relinquish primary jurisdiction by means such as parole, bail, conviction dismissal, by satisfaction of sentence, or by the state granting the defendant time-served. It is my opinion that the Hawaii First Circuit Court's Supplemental Sentencing Order dated November 30, 2006, did not have the effect of releasing Ms. Kakinami from the primary jurisdiction of the Hawaii state authorities.

9. Based on my overall review of the records, Ms. Kakinami's federal sentence will commence upon completion of her state

1 | sentence or if the state later relinquishes primary jurisdiction.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief. Executed this Twenty-Seventh day of February 2007, at Grand Prairie, Texas.

*/s/ Karen Craighead*

KAREN CRAIGHEAD
Operations Manager
Designation and Sentence Computation Center
Federal Bureau of Prisons