

ORIGINAL

CHRISTOPHER R. EVANS, 2463
2524 Oahu Avenue
Honolulu, Hawaii  96822
Telephone:  (808) 988-5375

Attorney for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 1 9 2007

at ___ o'clock and ___ min ___ M
SUE ____ ___, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | )  CR. NO. 05-00373 DAE |
| | ) |
| Plaintiff, | )  DEFENDANT AND PETITIONER'S |
| | )  REPLY TO THE GOVERNMENT'S |
| vs. | )  OPPOSITION TO DEFENDANT'S |
| | )  § 2255 MOTION TO VACATE |
| LESLIE A. KAKINAMI, | )  SENTENCE FILED FEBRUARY 28, |
| | )  2007; DECLARATION OF COUNSEL; |
| Defendant. | )  EXHIBITS "A" THRU "F"; |
| | )  APPENDIX "1"; AND CERTIFICATE |
| _____ | )  OF SERVICE |

## DEFENDANT AND PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S § 2255 MOTION TO VACATE SENTENCE FILED FEBRUARY 28, 2007

I.

### INTRODUCTION

On February 2, 2007, defendant and petitioner (herein referred to as "defendant") filed a *28 U.S.C, § 2255* motion in her federal criminal case before this Court requesting the Court to correct her federal sentence imposed August 17, 2006, Exhibit "A" attached hereto, by giving it full faith and credit in enforcing the

commitment in the judgment of the person of LESLIE ANN KAKINAMI to the custody of the Federal Bureau of Prisons.  Alternatively, and in response to the government's opposition, -- now that its position has been revealed, -- to the extent that the judgment in the federal case does not specify whether it is either concurrent or consecutive to any State sentence, then defendant requests this Court to further correct the sentence pursuant to U.S.S.G., § 5G1.3(b)(1) and/or (2).  A cursory review of the judgment filed herein, Exhibit "A" hereto, shows that this guideline provision may not have been considered by the Court in imposing sentence on the defendant.  Likewise, it appears to counsel that this is an important guideline provision that was not fully digested and discussed by the U.S. Probation Office and counsel.  This guideline appears to counsel to change prior case law regarding the authority of a U.S. District Court Judge to make federal sentences concurrent and/or consecutive with State sentences.

As matters currently stand, the federal government, in essence, is stating that this defendant must first serve out her State sentence, imposed *after* the federal sentence mentioned herein, -- which as pointed out in her petition under *28 U.S.C., § 2255*, the Hawaii Paroling Authority set a minimum incarceration term *in excess* of the 69 months sentence imposed by this Court --, before beginning her federal sentence!  In other words, this constitutes sentencing of defendant without her ever to be given the opportunity to address that issue and as mentioned earlier, it appears was not addressed by this Court in the initial sentencing of defendant.

Defendant's present counsel, Christopher R. Evans, Esq., was counsel for defendant in the State court proceedings.  *See*, attached declaration of counsel.  In the State court proceedings, there are a number of relevant documents presented by the prosecuting Attorney's Office and First Circuit Court Probation Office which suggest that the State consented to and/or abandoned its jurisdiction of defendant to the jurisdiction and authority of the United States government for prosecution and incarceration.  That jurisdiction has never been defeated and is presently in effect based upon the record and exhibits presented herein.

First, attached hereto as Exhibit "B" is an application and order regarding temporary transfer of custody to the State of Hawaii regarding writ of *habeas corpus ad prosequendum*, Exhibits "A" & "B" and order filed herein December 16, 2005 in this case! This document consists of a total of 9 pages. There are a number of important details regarding this particular document. First, this document represents one sovereign (the State of Hawaii through its Prosecuting Attorney's Office) acknowledging the other sovereign's (federal government) jurisdiction of LESLIE ANN KAKINAMI in that the Prosecuting Attorney's Office was required to file in the Circuit Court of the First Circuit an original proceeding under S.P. (Special Proceeding) No. 05-1-0488 Application for Writ of *Habeas Corpus Ad Prosequendum*, Order Directing Issuance of Writ of *Habeas Corpus Ad Prosequendum*; Writ of *Habeas Corpus Ad Prosequendum* attached as Exhibit "B", to the application and order filed in this case, Exhibit "B" hereto.

With respect to the special proceeding mentioned above, as well as the application filed in this case, please note that the Prosecuting Attorney's Office DID NOT list Cr. No. 05-1-1718, the judgment of which is attached hereto as Exhibit "C" in its moving papers because this State Court, First Circuit Court Cr. No. is the SAME case as presented before this Honorable United States District Court in the instant criminal number. *See,* declaration of counsel. This is not an omission. Rather, it is an acknowledgement by the Prosecuting Attorney's Office that LESLIE ANN KAKINAMI already is in federal custody on that case.

Furthermore, the application and order attached hereto as Exhibit "B" states in the Order that "Upon the conclusion of the case [all of the criminal case numbers referenced in the moving documents], State of Hawaii Officials is to return the said Defendant back to the United States Marshall Service, District of Hawaii." This Order was dated December 16, 2005 and signed by the Honorable Kevin S.C. Chang, United States magistrate judge, over two months *after* the writ relied upon by the government, Exhibit "2" to its opposition paper.

Also attached hereto as Exhibit "D" is a two-page letter addressed to the Honorable Michael A. Town in the Circuit Court of the First Circuit by the Adult Probation Division of the Circuit Court wherein Senior Probation Officer, Shirleen R. Cadiz states that defendant is in federal custody and has been detained at the Federal Detention Center since July 26, 2005 on federal charges. This specific sentencing letter was referenced and addressed by the Court and counsel during defendant's sentencing on August 28, 2006. A copy of the sentencing transcript is attached hereto as Exhibit "E".

Turning to the sentencing transcript, it is clear that everyone at the sentencing proceeding, including the State of Hawaii, all acknowledged that defendant was in federal custody and was to be returned to federal custody following her sentence. This is precisely what Judge Chang's December 16, 2005 Order specifies is to occur. Accordingly, the supplemental sentencing orders of the Court filed November 30, 2006, attached to the government's opposition as Exhibit "3" gives teeth to and supplements the earlier order of magistrate judge Chang filed December 16, 2005.

Another factor to be considered in this analysis is the declaration of counsel attached to this document which clearly states that the State of Hawaii presented the same case as appears in Cr. No. 05-1-1718 in the Circuit Court of the First Circuit to the federal authorities on a "silver platter" so as to permit and allow the federal government to assume prosecution of LESLIE ANN KAKINAMI and accordingly invoke its jurisdiction.

Another factor is the wording of the *writ of habeas corpus ad prosequendum* attached as Exhibit "2" to the government's opposition document. As shall be pointed out in this reply memorandum, there is an added paragraph to the writ which changes the complexion of the writ from one of temporary "on loan" custody to that of primary custody, and that is the last paragraph of the writ which states that custody of LESLIE ANN KAKINAMI . . . "shall remain with United States Marshall Service until termination of criminal charges against the defendant . . ." and the words thereafter of ". . . and return by the United States Marshall Service of LESLIE A.

KAKINAMI to the custody of the Oahu Community Correctional Center . . ." is mere surplusage and only is to occur after such time as defendant LESLIE ANN KAKINAMI completes her federal case which includes the federal judgment of conviction which, by its very terms, committed her to the custody of the Federal Bureau of Prisons. Please also see the application and order regarding temporary transfer of custody to the State of Hawaii referenced herein as Exhibit "B" which states that upon completion of State sentencing, defendant LESLIE ANN KAKINAMI is to return to the United States Marshall Service for precisely the reasons mentioned in the writ attached to the government's opposition as Exhibit "2", *to wit*, to commence her federal sentence!

Defendant respectfully points out that she does have standing to bring this motion and that the Court has jurisdiction to entertain and decide this motion.

II.

## THIS COURT HAS JURISDICTION AND DEFENDANT HAS THE STANDING TO PRESENT THE ISSUES HEREIN

There is no question that defendant is in federal custody. It has been spread on the record that she is in federal custody and it has been acknowledged repeatedly by the Prosecuting Attorney's Office on behalf of the sovereign State of Hawaii. Not only did the Prosecuting Attorney's Office rely on defendant's custodial status, but likewise, the Court, Judge Town and the Adult Probation Office relied upon that status. Everything was done with an eye towards commencement of defendant's federal sentence. The only matter that may have been overlooked and this is acknowledged in the attached declaration of counsel is that since the present author of this document is not privy to the pre-sentence report in federal court, cannot state positively that the sentencing guidelines in U.S.S.G., § 5G1.3(b)(1) and/or (2) were considered, or whether they are even applicable.

What can be represented, however, is that the federal prosecution was the same as the State prosecution in the Circuit Court of the First Circuit, Cr. No. 05-1-1718. Therefore, based upon a plain reading of U.S.S.G., § 5G1.3(b)(1)&(2), it appears as though the judgment herein should be modified and/or corrected to reflect a concurrent sentence with the State sentence, such that defendant can either be credited for the time she has been in State custody against her federal judgment, or remanded to the custody of the Federal Bureau of Prisons, and be given credit on from the time she was sentenced on August 17, 2006. In this way, the Court has jurisdiction and defendant has standing to collaterally attack the judgment of conviction herein.

The government cites two cases in its opposition paper as being the heart of their position in opposition to defendant's request, and those two cases are found on page 8 of their memorandum, *Jake v. Herschberger, 173 F.3d 1059 (7th Cir. 1999)* and *Thomas v. Brewer, 923 F.2d 1361 (9th Cir. 1991)*. For a number of reasons, however, those cases are not applicable.

First, both of those cases were decided under prior law to U.S.C., § 3585 entitled "Calculation of Term of Imprisonment", and in subsection (a) entitled "Commencement of Sentence." The judgment attached hereto as Exhibit "A" shows that mittimus issued forthwith. Defendant was remanded to the custody of United States Marshall Service on August 17, 2006, who in turn, returned her to the federal detention center where she remained awaiting transport to the designated federal prison. Importantly, she was not turned over to the State authorities until August 22, 2006. If she was turned over from that date and this is based upon representations from the government's opposition papers, and facts stated to present counsel, it would have been pursuant to the application and order regarding temporary transfer of custody to the State of Hawaii referenced herein as Exhibit "B", and immediately upon completion of the State court sentencing, defendant should have been sent back to the United States Marshall Service to then be placed back in the Federal Detention Center to further await

transportation to her designated federal prison. That did not occur, it should have occurred, and therefore that is the remedy that defendant seeks at the present time.

In the alternative, should the Federal Bureau of Prisons be reluctant to accept defendant and/or should the State of Hawaii continue to disregard the status directed herein by not being willing to have its prison designated as a federal institution for the purposes of defendant's present sentence, then the court should examine U.S.S.G., § 3 5G1.3(b)(1)&(2) to determine how to appropriately credit defendant's federal sentence against the State sentence.

III.

THE STATE OF HAWAII ABANDONED AND/OR CONSENTED TO<br>THEIR JURISDICTION BEING TRANSFERRED FOR DEFENDANT HEREIN<br>PURSUANT TO THE PRESENTMENT OF THE CASE<br>ON A "SILVER PLATTER", SUCH THAT DEFENDANT BECAME<br><u>A FEDERAL PRISONER FROM THAT POINT FORWARD</u>

The case of *Stamphill v. Johnson, 136 F.2d 291 (9th Cir.), cert. denied, 320 U.S. 766, 64 S. Ct. 70 (1943)* is cited in the case referenced by the government in its opposition of *Thomas v. Brewer, supra.* In discussing this case, the *Thomas* court states as follows:

> "Thomas argues that, even if his appearance for federal sentencing on August 4, 1964, were pursuant to a writ of habeas corpus ad prosequendum, no legal rule required his return to state court immediately after sentencing. Instead, he suggests that if state authorities surrender a prisoner to federal authorities, the state thereby grants the federal authorities jurisdiction to "try the [defendant] and to render judgment of imprisonment against him and to execute that judgment." *Stamphill v. Johnston, 136 F.2d 291, 292 (9th Cir.) cert. denied. 320 U.S. 766, 64 S. Ct. 70, 88 L.Ed. 457 (1943).* Thus, the "physical presence of a defendant before a District Court gives that court complete jurisdiction over him, regardless of how his presence was secured. . . ." *Id.* at 292, *see also, United States v. Warren, 610 F.2d 630, 684 (9th Cir. 1980); United States v. Zammiello, 432 F.2d 72, 73 (9th Cir. 1970); Smith v. Swope, 91 F.2d 260 (9th Cir. 1937).*

-7-

Although Thomas correctly states the general rule, it is not dispositive in this case where the question is not whether the federal authorities properly exercised jurisdiction over a state prisoner in their physical possession, but whether state authorities abandoned their jurisdiction by transferring one of their prisoners pursuant to a writ *ad prosequendum* such that he became a federal prisoner from that point forward."

923 F.2d at 1366.

Even though the *Thomas* court went on to cite two other cases which appear to be on point, and are contrary to the position advanced by defendant herein *(Gunton v. Squier, 185 F.2d 470 (9th Cir. 1950) and Larios v. Madigan, 299 F.2d 98 (9th Cir. 1962)),* those cases are not applicable given the existence of the facts cited herein and referenced in Exhibits "A" thru "F". Rather, this case more fairly fits the analysis and description of the *Stamphill* exception referenced above by the *Thomas* court.

In further support of the *Stamphill* exception, the *Thomas* court in Footnote 1 cites the precise language of the writ of *habeas corpus ad prosequendum*, and this language is in stark contrast to the writ in the present case. In *Thomas*, the writ reads as follows:

"1.    This form writ commanded the warden, sheriff, or jailor of the Los Angeles County Jail to deliver Thomas to the federal courthouse on June 15, 1964,

in order that said defendant in the above-entitled case may then and there be arraigned and enter his plea at said time and place, and also at such other times as may be ordered by said court, and have you then and there this writ.
        The delivery of the body of said James Ray Thomas to the Courtroom of said United States District Court, as aforesaid, and the return by you of said defendant to your custody shall be deemed sufficient compliance with the writ."

923 F.2d at 1363.

In comparison, the language of the writ in the present case states unequivocally that there is to be a primary transfer of jurisdiction of defendant, given the language "custody of said Leslie Ann Kakinami shall remain with the United States Marshall . . . until termination of the criminal charges now pending against defendant..." What this means, of course, is that the only way the case is terminated is either upon a not guilty verdict by jury which didn't happen, or entry of a judgment of conviction which by its very terms, commits the defendant's person to the custody of the Federal Bureau of Prisons immediately and forthwith and the completion of her federal sentence.

The *Stamphill* court, *supra*, also examined the language of the writ as follows:

> "The writ of habeas corpus issued by the federal court for the Western District of Oklahoma contains the following provision:  " * * * to proceed to the Oklahoma State Penitentiary at McAlister Oklahoma, and there take * * * Dale Stamphill * * * now detained in said institution, and keep them in your custody and bring them before the United States District Court for the Western District of Oklahoma, on Oct. 25th, 19347, at 10:00 o'clock a.m., so that the said Dale Stamphill, * * * may be tried in this cause now pending in this court, wherein they are charged with violation of Section 408a, Title 18 U.S.C.A. And when final disposition has been made of the above styled and numbered cause, you shall return the said defendants to the Oklahoma State Penitentiary at McAlister, Oklahoma."

136 F.2d at pp. 291-292.

The facts in this *Stamphill* case were such that the defendant and petitioner had been in custody of the United States Penitentiary Alcatraz, California, under commitment issued from the District Court of the United States Western District of Oklahoma, pursuant to sentence of that court upon judgment of conviction for violation of the offense of murder.  136 F.2d at 291.  Petitioner, at that time, was serving an Oklahoma sentence when he was surrendered by the warden of the State Penitentiary of Oklahoma to the United States Marshall for the Western District of Oklahoma.  His presence in federal district court was secured by a writ of *habeas corpus ad*

*prosequendum. Id.* In discussing this case, the Ninth Circuit Court of Appeals states as follows:

"There is no doubt that the State of Oklahoma, having first acquired jurisdiction over the appellant, was entitled to retain him in custody until he had finished his sentence and could not be required to surrender him to the custody of the United States marshal for trial in the federal court for an offense committed in violation of federal law. Ponzi v. Fessenden, 1922, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 .AL.R. 879. Cf. Ableman v. Booth, 21 How. 506, 62 U.S. 506, 16 L.Ed. 169, and 28 U.S.C.A. § 453. However, in this case the state authorities did in fact surrender the appellant to the federal authorities and thus in effect gave the federal court jurisdiction to try the appellant and to render judgment of imprisonment against him and to execute that judgment. The personal presence of a defendant before a District Court gives that court complete jurisdiction over him, regardless of how his presence was secured, whether by premature arrest (Malone v. United States, 9 Cir. 67 F.2d 339), wrongful seizure beyond the territorial jurisdiction of the court (Ford v. United States, 9 Cir., 10 F.2d 339, 344; United States ex rel. Voigt v. Toombs, 5 Cir., 67 F.2d 744), false arrest (Ex parte Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103; Albrecht v. united States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505) or extradition arising out of an offense other than the one for which he is being tried. Cardigan v. Biddle, 8 Cir., 10 F.2d 444. The court cannot decline to exercise this jurisdiction. "Courts of the United States are bound to proceed to judgment * * * in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." Hyde v. Stone, 20 How. 170, 61 U.S. 170, 175, 15 L.Ed. 874. However, the defendant was brought before the District Court, once he was there it had and was bound to exercise complete jurisdiction over him. It is clear that the federal authorities had actual possession of appellant during his trial in the federal court. Jurisdiction resulted from that possession, and it follows that any question concerning the rightfulness of what was done in the exercise of that jurisdiction is merely a question of comity. Such a question cannot be raised by habeas corpus, which can be used to question the validity of imprisonment only upon jurisdictional grounds (Price v. Johnston, 9 Cir., 125 F.2d 806) or on the ground, not presented by this case, of violation of a fundamental constitutional guarantee. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302."

136 F.2d at p. 292

An article from Lawyers Edition sheds further light upon this issue. Attached hereto as Appendix "1" is 5 L. Ed. 2d 964 annotation of writ of habeas corpus ad prosequendum in federal court and a sample affidavit for writ and sample writ itself appear in said annotation. The language in this annotation again is in stark contrast to the language of the writ in this case. In the annotation version of the writ, it states that immediately after sentence the person is to be returned to the State authorities. That is not the case here.

Another case referenced by the government in its opposition paper and also cited by the *Thomas* court is the case entitled *Flick v. Blevins, 887 F.2d 778 (9th Cir. 1989)* which discusses the effect of a writ of *habeas corpus ad prosequendum*. There is a fairly good discussion of the *ad prosequendum writ* in the sense of who the "sending" state is and who the "receiving" state is and whether or not the prisoner is "on loan", etc. Here, given the existence of two competing writs, it is clear that first in time is first in right and LESLIE ANN KAKINAMI should have been returned to the federal authorities pursuant to the writ presented by the Prosecuting Attorney's Office.

It appears as though this case is a case of first impression in that there are TWO competing writs. Given the state of the record as presented herein, there is no doubt that this case has the feel and shape of the *Stamphill* case and therefore, this Court should not hesitate in ordering that defendant LESLIE ANN KAKINAMI was and has been in federal custody on and from the time of her initial appearance on October 6, 2005, and therefore all of the time that she has spent in federal custody should be credited from that date forward. Given that this case appears to be one of first impression, defendant respectfully requests this Court to adopt her reasoning stated herein.

Alternatively, defendant requests this Court to give effect to the supplemental sentencing orders of the Court, the Honorable Michael A. Town presiding, which ordered state officials to return defendant to the United States Marshall Service which is precisely the same command of the application and order regarding temporary transfer of custody in the State of Hawaii, Exhibit "B", hereto.

In the further alternative, this Court should authorize issuance of subpoenas to State authorities to explain why they are in violation of the Order of Magistrate Judge Chang by failing to return defendant LESLIE ANN KAKINAMI to the U.S. Marshall Service, or in the further alternative, to present any evidence that they have requested federal authorities to take custody of defendant LESLIE ANN KAKINAMI.

IV.

CONCLUSION

For these reasons and authorities, defendant respectfully requests this Honorable Court to grant the instant motion by issuing a supplemental sentencing order that defendant is deemed to be to have been in federal detention for purposes of her sentence on and from August 17, 2006 whether she serves her sentence in a federal prison or in a State prison and to grant any relief that is appropriate under U.S.S.G., § 5G1.3(b)(1)&(2).

DATED: Honolulu, Hawaii, _____ 3- 19 _____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant
LESLIE ANN KAKINAMI

DECLARATION OF COUNSEL

CHRISTOPHER R. EVANS, declares as follows:

1.      Declarant is an attorney licensed to practice law and is presently practicing law in the City and County of Honolulu, State of Hawaii, and represents defendant-appellant above-named;

-12-

2.    Declarant represented defendant LESLIE ANN KAKINAMI in the Circuit Court of the First Circuit in relation to the following criminal numbers: 02-1-0580; 02-1-1438; 02-1-2375; 02-1-2376; 03-1-0642; 03-1-0643; 03-1-0644; 05-1-1615; 05-1-1718; and 05-1-1736;

3.    On and from the presentation of the case underlying Cr. No. 05-1-1718 (the complaining witness named Sheila Lum), by State authorities to federal authorities for prosecution, defendant has been held in custody at the Federal Detention Center until her temporary return to the Circuit court of the First Circuit for purposes of change of plea which occurred on February 28, 2006;

4.    Declarant was present at the change of plea. A copy of the transcript of proceedings of the change of plea is attached hereto as Exhibit "F". This transcript of proceedings, Exhibit "F" is referenced to support the assertion that criminal case no. 05-1-1718 involves the same complaining witness as the present case in federal court (complaining witness named Sheila Lum) (*See,* pp. 17-19) and that the sentencing date scheduled for defendant was set to occur *after* her federal sentencing;

5.    The transcript of proceedings set forth herein as Exhibit "F" is a true and accurate copy of what occurred at the sentencing of defendant LESLIE ANN KAKINAMI on August 28, 2006. Furthermore, the letter received from the Adult Probation Division, Exhibit "D", is a true and accurate copy of said letter indicating that defendant LESLIE ANN KAKINAMI was in federal custody at the time of her State sentencing, and accordingly, everything that was done by, not only the sovereign State of Hawaii through its Deputy Prosecuting Attorney, Katherine Kealoha and Leila Tanaka, but also the Court of the First Circuit and defendant's counsel with an eye towards defendant being in the federal custody and that her State sentence would therefore be concurrent with that federal sentence and should be returned to federal custody for the commencement of her federal time.

WHEREFORE, Declarant respectfully requests this Honorable Court to grant the instant motion.

-13-

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, _____ 3 - 19 _____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant
LESLIE ANN KAKINAMI