**EXHIBIT "E"**

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

ORIGINAL

1          IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

2                      STATE OF HAWAII

3

4    STATE OF HAWAII,              )  CR. NO. 02-1-0580
                                   )  CR. NO. 03-1-0644
5                 Plaintiff,       )  CR. NO. 03-1-0643
                                   )  CR. NO. 03-1-0642
6            vs.                   )  CR. NO. 02-1-2376
                                   )  CR. NO. 02-1-2375
7    LESLIE ANN KAKINAMI,          )  CR. NO. 02-1-1438
                                   )  CR. NO. 05-1-1736
8                 Defendant.       )  CR. NO. 05-1-1718
                                   )  CR. NO. 05-1-1615
9    _____)

10

11

12                TRANSCRIPT OF PROCEEDINGS

13   before the HONORABLE MICHAEL A. TOWN, Nineteenth

14   Division Judge, presiding, on August 28, 2006;

15   Resentencing; sentencing; motion for sentencing of

16   repeat offender; motion for extended term of

17   imprisonment.

18

19   APPEARANCES:

20   For Plaintiff:     LEILA TANAKA
                        KATHERINE KEALOHA
21
22   For Defendant:     CHRISTOPHER EVANS

23

24   REPORTED BY:   Theresa A. Reese, CSR 428
                    Official Court Reporter
25                  First Circuit Court
                    State of Hawaii

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

2

```
 1                    P R O C E E D I N G S

 2                       -- oOo --

 3

 4            THE BAILIFF:  Calling Cases Nos. 2 through 11,

 5     Criminal Nos. 02-1-580, 03-1-644, 03-1-643, 03-1-642,

 6     02-1-2376, 02-1-2375, 02-1-1438, 05-1-1736, 05-1-1718, and

 7     05-1-1615, State of Hawaii versus Leslie Kakinami.

 8            Appearances, please.

 9            MS. KEALOHA:  Good morning, your Honor.  Deputy

10     Prosecuting Attorney Katherine Kealoha on behalf of the

11     State.

12            MS. TANAKA:  And, your Honor, Deputy Prosecuting

13     Attorney Leila Tanaka on behalf of the State in Criminal

14     Nos. 02-1-0580, 1438, 2375, 2376; 03-1-0642, 643, and 644.

15            MR. EVANS:  Good morning, your Honor.

16     Christopher Evans on behalf of Leslie Kakinami, and she is

17     present this morning.

18            THE COURT:  Good morning, counsel.  Good morning,

19     Ms. Kakinami.

20            MS. KAKINAMI:  Good morning.

21            THE COURT:  Counsel, I want to take judicial

22     notice of State v. Keck, K-e-c-k.  Came out last week.  And

23     basically it says that defendant's sentencing need -- need

24     not have shackles, handcuffs on unless there's a

25     particularized interest.  Is there --
```

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

3

1          MR. EVANS:  Well, I just asked the sheriff --

2          THE COURT:  Can we take it off?

3          THE SHERIFF:  Well, if --

4          MR. EVANS:  -- so we could sign.

5          THE SHERIFF:  -- to take them off.

6          THE COURT:  That's okay.  There's no criticism to

7    anybody here.  It's just that case put a whole new gloss on

8    trial and sentencing in the cuffs, so you might want to

9    read it.  It applies to State v. Castro.

10         Thank you, Marilyn.  I appreciate it.

11         THE SHERIFF:  You're welcome, your Honor.

12         THE COURT:  It's easier to leave them on, but

13   it's the price of fairness and due process.

14         Anyway, good morning, ma'am.

15         MS. KAKINAMI:  Good morning, your Honor.

16         THE COURT:  I'd like to walk through this

17   carefully, take judicial notice of each and every -- the

18   existence and content -- under State v. Kotis of each and

19   every criminal number, of each and every motion filed --

20   we'll get to those -- and each and every -- and the

21   presentence reports.  I have a variety of them; certainly,

22   November 8th, 2004; July 31st, 2006; and more recently

23   dated August 23rd, 2006, a letter from Shirley Cadiez

24   (phonetic), senior probation officer -- actually, it's

25   August 22, 2006 -- updating the Court on what happened over

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

4

1    in federal court.

2          Any objection, Ms. Kealoha, to my taking judicial

3    notice of all of this?

4          MS. KEALOHA:  No objection, your Honor.  Thank

5    you.

6          THE COURT:  Ms. Tanaka?

7          MS. TANAKA:  No objection, your Honor.

8          THE COURT:  Mr. Evans?

9          MR. EVANS:  Your Honor, unless those letters was

10   put in my court jacket recently, I don't have them.  But

11   I'll accept your representation as long as it just brought

12   you up to date as to what happened in federal court because

13   that's going to be part of the sentencing hearing.

14          THE COURT:  Well, let me read it to you, and you

15   can object later.  But basically it says according to the

16   defendant's U.S. probation officer, on August 17, 2006, the

17   defendant pled guilty to three counts of bank fraud, one

18   count of aggravated identification theft.  The defendant

19   was sentenced to 69 months with the location of her

20   sentence to be determined by the Bureau of Prisons.

21          Is that accurate?

22          MR. EVANS:  That is correct.  Thank you.  I have

23   no objection to that letter.

24          THE COURT:  Okay.  Now, I want to figure out how

25   to handle these various motions.  On the motions to revoke

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

5

1    probation, on the first one, two, three, four, five, six,

2    seven criminal numbers involving, yeah, the revocations,

3    will you be stipulating to the revocation?

4            MR. EVANS:  Yes.  We have done that already in a

5    previous hearing.  That's correct.

6            THE COURT:  Good.  Thank you.  That's right.  It

7    says here granted 1/18/06.

8            MR. EVANS:  Yes.

9            MS. TANAKA:  Yes.

10           THE COURT:  On the motion to sentence as repeat

11   offender, Mr. Evans --

12           MR. EVANS:  Yes.

13           THE COURT:  -- would be objecting or stipulating

14   reserving the right to argue downward departure?

15           MR. EVANS:  That is correct what you just stated,

16   that we did acknowledge at the time we entered the plea

17   that repeat offender sentencing was going to be an issue at

18   sentencing given her prior stipulation to revoke probation,

19   but we are going to reserve the right to ask for a downward

20   departure.

21           THE COURT:  So, Ms. Kealoha, I'm going to grant

22   that particular motion with that caveat.

23           Is that acceptable?

24           MS. KEALOHA:  Yes, your Honor.  Thank you.

25           THE COURT:  Court will respectfully grant the

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

6

1    motion to sentence the defendant as a repeat offender in

2    05-1-1736, 1718, and 1615; so she will be sentenced as a

3    repeat offender.  I'll figure out later what the minimum

4    should be.

5        Ms. Kealoha, you have extended term motions.  Do

6    you wish to make a presentation or reserve on that?  How do

7    you want to handle that?

8        MS. KEALOHA:  I'll reserve, your Honor.  Thank

9    you.

10       THE COURT:  Beg your pardon?

11       MS. KEALOHA:  I'll reserve on that, your Honor.

12   Thank you.

13       THE COURT:  Okay.  Your presentation, Mr. Evans.

14       MR. EVANS:  Yes.  Thank you very much, your

15   Honor.

16       You've summed up pretty much exactly what we're

17   going to be asking for, and that is her cooperation with

18   Detective Earl T. Koanui of the Honolulu Police Department

19   regarding meth -- crystal methamphetamine drug dealers.

20   She cooperated and turned over, I think, a couple -- couple

21   of them to him.  And I'd ask the Court to ask my client

22   some more facts about that, if the Court has an

23   inclination.

24       With respect to the extended term sentencing, I

25   would ask the Court to reject that motion flat out given

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

7

1    the controversy, if you will, regarding the federal court

2    ruling in the Sua case which rejected the state extended

3    term sentencing law on the ground of Booker -- no,

4    Apprendi -- U.S. versus --

5            THE COURT:  Kaua or Sua?

6            MR. EVANS:  Sua or was it --

7            THE COURT:  Kaua.

8            MR. EVANS:  -- Kaua?  Yeah, that's right, Kaua.

9    There was -- there was a guy named Sua too.  Samson

10   (phonetic) -- right? -- Kaua, I think is his first name.

11   And I know our court, our Hawaii Supreme Court is split on

12   the issue.

13           THE COURT:  They're split 3-2.

14           MR. EVANS:  Acoba and --

15           THE COURT:  Duffy.

16           MR. EVANS:  -- Duffy is in favor of the federal

17   ruling as opposed to Levinson, Moon, and Nakayama.

18           So, therefore, I'd ask the Court to just reject

19   it outright, and the reason for that is because given her

20   sentence with Judge Ezra, 69 months, and the potential

21   repeat offender sentence here at the floor, I believe that

22   a 6-year mandatory minimum from this Court would be

23   adequate to protect the public from any further criminal

24   activity by Ms. Kakinami.

25           THE COURT:  My probation officer and my

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

8

1    computation on the B felonies, given her history, she might

2    qualify for ten out of ten.  You want those reduced to 6

3    years or at least 69 months?

4         MR. EVANS:  That is correct.

5         THE COURT:  And it's -- my probation officer and

6    my computation indicate five out of five on the five-year

7    C felonies.  That's neither here nor there because she's

8    going to do that anyway.

9         MR. EVANS:  That would be subsumed.

10        And then the final point, your Honor, is that I

11   would ask the Court to specify in the judgment that any

12   sentence imposed by this Court is to be concurrent with the

13   federal sentence.  And the reason for that is even though

14   she has been remanded to the custody of the Federal Bureau

15   of Prisons, she's still getting gas, if you will, from

16   people saying that she's going to have to do her state

17   sentence first before federal sentence.

18        THE COURT:  Yeah.  We've had nothing but -- I've

19   had nothing but difficulty with that because I cannot

20   control the federal courts.

21        MR. EVANS:  Which is contrary to my

22   understanding.  The moment Judge Ezra says remands her to

23   the custody of the Federal Bureau of Prisons, then as far

24   as I'm concerned, she's under federal custody now.

25        THE COURT:  That's my understanding.

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

9

1          MR. EVANS:  Right.  So it is my belief that if

2     the Court were to specify concurrent with any federal

3     sentence she is presently serving now, that her federal

4     sentence would therefore be paramount, and she'd have to do

5     that in the mainland.

6          THE COURT:  I've had to bring people in from

7     Florence, Arizona, in state custody to wrestle with whether

8     or not they're getting federal custody.  You don't need to

9     understand that.  But she's in federal custody.  I don't

10    have a problem at all.

11         MR. EVANS:  Well --

12         THE COURT:  What you're saying is in my mind

13    completely accurate.

14         MR. EVANS:  Yeah.  I mean, Judge Ezra, he says

15    you are remanded to the custody of the Federal Bureau of

16    Prisons.

17         THE COURT:  Okay.  Thank you.  Ms. Kakinami --

18         MS. KAKINAMI:  Yes.

19         THE COURT:  -- anything you want to add here?

20    You're -- are you 44 now?

21         MS. KAKINAMI:  Yes.

22         THE COURT:  And you have 91 arrests, 16 felony

23    convictions.

24         MS. KAKINAMI:  Yes.

25         THE COURT:  So you've cut a wide swath through

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

10

1    our community, but you've taken responsibility.

2           You look healthy today.  You look good today.

3    I've seen you look way worse.

4           And anything -- you were of some help to local

5    law enforcement; is that right?

6           MS. KAKINAMI:  Yes, I was, sir.

7           THE COURT:  Without putting too fine a point on

8    that.  Anything you want to add?

9           MS. KAKINAMI:  Well, I helped cooperate with

10   Earl Koanui to -- I think there were convictions already on

11   three Mexicans involving three pounds.

12          THE COURT:  State court or federal?

13          MS. KAKINAMI:  Federal.

14          THE COURT:  Okay.  Mr. Koanui is with HPD or with

15   the feds?

16          MS. KAKINAMI:  I think both.

17          MR. EVANS:  As an officer of the Court, I can

18   tell you that HPD officers do work joint.  And --

19          THE COURT:  I hope so.

20          MR. EVANS:  -- Judge, I wish I could provide more

21   details as to the names, but I -- here's what I did do.  I

22   did call the U.S. attorneys, and I did ask some questions.

23   And I was promptly reminded, Mr. Evans, the information you

24   seek is -- you know, that's why.  It's like, we don't

25   readily disburse this information.  You know what I mean?

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

11

1    You might be committing a crime even asking for it.

2            THE COURT:  No.  Okay.

3            MR. EVANS:  But --

4            THE COURT:  So in any event, she's been helpful.

5    Thank you.

6            MR. EVANS:  Yes.

7            THE COURT:  Let me hear from the State, and then

8    you can rebut.

9            MR. EVANS:  All right.  Thank you.

10            THE COURT:  Counsel.

11            MS. KEALOHA:  Your Honor, for the record, Deputy

12    Prosecuting Attorney Katherine Kealoha.

13            I just had a quick question for Mr. Evans.  It is

14    my understanding she was sentenced on 8/17, and you have

15    that ten-day period in order to appeal the sentence.  Would

16    she state on the record whether or not she made an appeal?

17            MS. KAKINAMI:  For the 69 months, no, I'm not

18    going to appeal.

19            MS. KEALOHA:  Okay.  Thank you.

20            THE COURT:  Defendant has indicated she's not

21    going to appeal.  Is that ten working days or ten calendar

22    days?

23            MS. KEALOHA:  Ten calendar days, your Honor.

24            THE COURT:  So we're at the 28th anyway, so we're

25    down that --

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

12

1      MS. KEALOHA:  Thank you.

2      Your Honor, in terms of the sentencing, Defendant

3  has numerous convictions for forgery, identification theft.

4  She operated a ring where she accepted stolen

5  identification merchandise and produced fake IDs.  And as

6  stated by Mr. Evans, she was involved in the federal level

7  for using one of her schemes to defraud a bank.

8      We are asking for the open ten years jail with

9  the mandatory minimum jail set at ten years, CVCF at $500,

10  restitution to be determined by ACS, except for in

11  05-1-1718, which was dealt with in the federal court.  And

12  that is for 05-1-1736.

13      MR. EVANS:  No, 18.

14      THE COURT:  I have 1718.  The recommendation is

15  free-standing order 5,400, unless I got that wrong.

16      MS. KEALOHA:  No, that's correct, your Honor.

17      MR. EVANS:  In that criminal number, your Honor,

18  the 1718 numbers --

19      THE COURT:  Uh-huh.

20      MR. EVANS:  -- that's the case that was

21  prosecuted in federal court, and she was ordered to make

22  restitution in that case.  So if the Court were to make

23  restitution here, it would be kind of like double

24  restitution.

25      THE COURT:  I understand.  I don't mind doing

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

13

1   that because --

2              MR. EVANS:  Okay.  Well --

3              THE COURT:  -- it wouldn't be double restitution.

4   It would be concurrent restitution, for lack of a better

5   term.

6              Go ahead, Ms. Kealoha.

7              MS. KEALOHA:  Your Honor, our request, I'm sorry,

8   your Honor, was under 05-1-1736.  And under --

9              MR. EVANS:  Oh, okay.

10             MS. KEALOHA:  -- I was just stating in terms of

11  the restitution.  It was under 05-1-1718 in which we would

12  not be asking for restitution because it was the federal

13  case.

14             Under 05-1-1718, which we just spoke of, the

15  defendant qualifies for extended term sentencing because

16  she's been sentenced for three Class C felonies and has a

17  long history of persistent and being multiple offender.

18  We'd also recommend the open ten years jail, mandatory

19  minimum set at ten years, restitution determined by ACS.

20  And I believe under 05-1-1615, the open term would be

21  five years, and the State would be asking for, although

22  they've stipulated to repeat offender, extended term of

23  imprisonment in that case as well, your Honor.  Thank you.

24             THE COURT:  Thank you.  Ms. Tanaka, anything you

25  want to add?

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

14

1          MS. TANAKA:  Just, your Honor, that as far as any

2     cooperation is concerned, it occurred after the revocation

3     was filed.  She had done nothing pursuant to our agreement,

4     and we -- in fact, at that time, Mr. Healy, who represented

5     her, was trying to get ahold of her because she had agreed

6     as part of the plea agreement to restitution to two of the

7     banks which she -- we didn't get it on record in the

8     freestanding order.

9          So at this point in time, your Honor, we'd be

10    asking for the open terms.  As far as I'm concerned, I

11    indicated to Detective Koanui that I -- it would have no

12    bearing at all on what I would be requesting because of the

13    defendant's noncompliance with probation from day one.  And

14    only when she, you know, was caught for another matter or

15    arrested for another matter did she start talking about

16    working with Detective Koanui.  And I told Detective Koanui

17    it wouldn't have any change -- I mean, it wouldn't change

18    my position as far as the open term.

19          And as indicated in Ms. Manizuka's (phonetic)

20    report, which is dated November 8, 2004, she did nothing,

21    and it's just quite apparent.  And I worked a long time on

22    all these cases to fashion an agreement, and she did

23    nothing.

24          At this point in time, your Honor, I believe the

25    open terms are five years with the exception of the ID

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

15

1    theft, which is ten.  Thank you.

2            THE COURT:  Thank you.  I'm ready to rule.

3            Mr. Evans, anything more?

4            MR. EVANS:  Just to let you know that -- and I'm

5    sure you're well aware of it, that if the Court does set

6    minimum -- mandatory minimums consistent with the federal

7    sentence, she will nevertheless be returned to state

8    custody because the parol authority still has to set a

9    minimum --

10            THE COURT:  Right.

11            MR. EVANS:  -- based upon the ten.

12            THE COURT:  I'm aware of that.

13            MR. EVANS:  So it's not as if she's getting a

14    free pass from the state authority.  She's not.

15            THE COURT:  Thank you.  It depends how she

16    conducts herself in federal custody and before the paroling

17    authority, and you can help her out at that time.

18            MR. EVANS:  I will.

19            THE COURT:  Okay.

20            MR. EVANS:  Thank you.

21            THE COURT:  Ms. Kakinami, anything else you want

22    to add, ma'am?

23            MS. KAKINAMI:  No, your Honor.

24            THE COURT:  Very well.  Leslie Kakinami, in

25    Criminal No. 02-1-0580, probation -- you had initially pled

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

16

1    guilty, and probation having been revoked, Court will

2    sentence you -- every one of these terms is going to be

3    concurrent with all federal terms served and all other

4    terms served.  In Counts 1 and 2, five years prison;

5    Count 3, ten years prison -- there's no minimum on that --

6    concurrent with the federal sentence, credit for time

7    served.

8             On 03-1-0644, Counts 1 and 2, five years prison;

9    Count 3, ten years prison.

10            These are the revocations.  03-1-0643, one count,

11   only five years prison.  03-1-0642, five years prison.

12   Those are both Forgery 2s.  On 02-1-02 -- excuse me --

13   2376, two five-year concurrent terms.  And 02-1-02375,

14   three C felonies, concurrent five-year prison terms.  And

15   02-1-1438, three concurrent five-year prison terms.  On

16   05-1-1736, five-year concurrent prison terms with five

17   years minimum.  On the third count, ten years with a

18   69-month concurrent -- 69-month reduced mandatory minimum,

19   Mr. Evans --

20            MR. EVANS:  Thank you very much.  Aloha.

21            THE COURT:  -- to comport.  So that is basically

22   five years and nine months, by my likes.

23            I'm going to respectfully deny the motion for

24   extended term.  To me -- first of all, it really bothers me

25   exactly what Ms. Tanaka said.  She's right.  I cut you some

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

17

1    slack.  I gave you probation, and you went out and

2    continued to kind of put your thumb in the eye of the law.

3    But I'm going to let the paroling authority make that call.

4    So be that -- I'm going to deny the motion for extended

5    term all across the board here.

6              On 05-1-1718, Counts 1, 2, and 4, five-year

7    concurrent prison terms with five-year mandatory minimum.

8    On Count 3, ten-year prison term with a 69-month mandatory

9    minimum.

10             I'm going to get around to restitution in a

11   minute, counsel.  I have a sheet here.

12             Last, but not least, on 05-1-1615, two five-year

13   concurrent prison terms.  And, Alden, on Count 3, she's

14   served her one year already, but the one-year jail term,

15   credit for time served.

16             Counsel, as far as restitution, I hear what

17   Ms. Kealoha says.  On 1718, my probation officer

18   recommended $5,400 on Count 2, but that's already been

19   ordered by the federal court.

20             Right, Ms. Kealoha?

21             MS. KEALOHA:  That is correct, your Honor.

22   That's my understanding.

23             THE COURT:  And what other restitution do you

24   want the Court to order?  On 1736, how much?

25             MS. KEALOHA:  Your Honor, we were not given

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

18

1    specific amounts.  We would be asking for a restitution

2    determination by ACS.  I do believe that in various cases,

3    the bank had incurred some of the expenses because they did

4    reimburse the individuals who held the account there, and

5    that's why we would be asking for a restitution.

6            THE COURT:  Well, did the bank contact you and

7    say they want X amount, or do you just want that open?

8            MS. KEALOHA:  We would like that open so if they

9    provide the information to ACS, then we could come back --

10           THE COURT:  Yeah.

11           MS. KEALOHA:  -- if she's going to dispute it, or

12   if they do not provide the information, then there will be

13   none given.

14           THE COURT:  I'll leave that open.  But I don't

15   want to order them to do something that the bank doesn't

16   want.  So I'm -- basically that is later -- to be moved on

17   later.  You have to move on it yourself, I think.

18           MS. KEALOHA:  Yes, your Honor.

19           THE COURT:  Anything more that either of the

20   prosecutors want the Court to rule on that I haven't ruled

21   on already?  Ms. Kealoha?

22           MS. KEALOHA:  Nothing that I'm aware of.  Thank

23   you, your Honor.

24           THE COURT:  Ms. Tanaka?

25           MS. TANAKA:  Nothing, your Honor.

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

19

1          THE COURT:  Mr. Evans?

2          MR. EVANS:  I think we've covered all bases,

3      Judge.

4          THE COURT:  I'm trying.

5          MR. EVANS:  And I thank you very much.

6          THE COURT:  Ms. Kakinami, the world isn't over.

7      You can go into prison and do what you got to do, get

8      education.  You understand?  Reflect on what you did.  But

9      this is one of the most extreme property offenses, and

10     these property offenses aren't just against banks.  It

11     hurts everybody along the way.

12          You understand that?

13          MS. KAKINAMI:  Yes, your Honor.

14          THE COURT:  Every piece of paper that people get

15     in the mail or they see, they worry.  It hurts the trust of

16     this community and their fellow human beings.  And if you

17     reflect on that and learn, good for you.  Okay?  I wish you

18     well.  Good luck.

19          Thank you, Marilyn.

20          MS. TANAKA:  Thank you, Judge.

21          MS. KEALOHA:  Thank you, Judge.

22          THE COURT:  Thank you.

23          (End of proceedings.)

24

25

COPYING PROHIBITED HRS 606-13/HRCP RULE 30 (f) (2)

20

1    STATE OF HAWAII                    )
                                        )
2    CITY AND COUNTY OF HONOLULU        )
                                        )
3    _____    )

4

5

6           I, THERESA A. REESE, CSR #428, an Official Court

7    Reporter for the First Circuit Court, State of Hawaii, do

8    hereby certify that the foregoing pages comprise a full,

9    true, and correct transcription of my stenographic notes

10   taken in the above-entitled cause, to the best of my

11   ability.

12

13          Dated this 2nd day of October, 2006.

14

15                      _Theresa A. Reese_____

16                      THERESA A. REESE, RPR, CSR #428

17                      Official Court Reporter

18

19

20

21

22

23

24

25