# APPENDIX "1"

was serious uncertainty in the record as to whether the sentences were to run consecutively or concurrently, which ambiguity should be resolved in the prisoner's favor. The District Court for the Northern District of Georgia ordered a 15-day delay in the prisoner's discharge, however, in order that the government might have opportunity to correct or clarify the ambiguous record. Before the end of the 15-day period, the Chief Justice of the District Court for the District of Columbia ordered the issuance of a writ of habeas corpus ad prosequendum, directing a United States marshal to produce the prisoner before that court. Upon arrival in the District of Columbia, the prisoner obtained another writ of habeas corpus ad subjiciendum, challenging his commitment there. It was held that the second writ of habeas corpus was properly discharged, because the writ of habeas corpus ad prosequendum, which a justice of the District Court for the District of Columbia may issue, is broad enough to include bringing a prisoner, for proceedings to correct the record, before the court which sentenced and committed him.

**§ 3. Forms.**

Examples of forms used by the Department of Justice[4] in applications for writs of habeas corpus ad prosequendum are as follows:

**Affidavit for Writ of Habeas Corpus Ad Prosequendum**

UNITED STATES OF AMERICA,
vs
........ Defendant

STATE OF ........ }
COUNTY OF ....... } ss:
CITY OF .......... }

........ being duly sworn, deposes and says that he is an Assistant United States Attorney for the ........ District of ........; that he has charge of the prosecution of the above named case; that the defendant ........ has been indicted by the Grand Jury for the ........ District of ........ for the unlawful ........ in violation of ......... The indictment was filed in the District Court of the United States for the ........ District of ........ on ......... The defendant is now confined in ........ on a charge of violating ........ and his confinement will terminate .........

That the case is now on the calendar of the United States District Court for the ........ District of ........ for [insert purpose, e. g., trial] and it is necessary that the defendant appear and [insert purpose, e. g., stand trial].

WHEREFORE, your petitioner respectfully prays that the Clerk of this Court be instructed to issue a Writ of Habeas Corpus Ad Prosequendum to the [Warden of Institution where defendant is in custody] and to the United States Marshal in and for the District of ........ to receive the said [name of defendant] from the said [Warden of Institution where defendant is in custody] and to bring him before this Honorable Court to [state purpose, e. g., stand trial on the violation charged] and to be returned to [Warden of Institution where defendant is imprisoned] as soon as the defendant has been discharged or convicted and sentenced.

........................
Assistant United States Attorney
District of

Sworn to me this ........
day of ........, 1961.

................
Notary Public

**Writ of Habeas Corpus Ad Prosequendum**

THE PRESIDENT OF THE UNITED STATES OF AMERICA

TO: [Insert name of Warden of Institution where defendant is confined] and United States Marshal

District of ........

GREETING:

YOU ARE HEREBY COMMANDED to have the body of [insert name of defendant] now detained in the [Insert name of institution] under your custody as it is said, under safe and secure conduct before the Judges of our District Court within and for the District of ........, at the United States Courthouse, ........

on ........

at ........ o'clock in the ........, there to appear and [Insert purpose for appearance, e. g., stand trial, plead, etc.] and immediately after the said [name of defendant] shall have been discharged or convicted and sentenced on said indictment, that you return him to the said [institution where confined] under safe and secure conduct, and have you then and there this writ.

WITNESS the Honorable ........ Judge of the United States District Court for the ........ District of ........, at the United States Courthouse, ........, ........, this ........ day of ........

................
Clerk, U. S. District Court,
District of

The within writ is hereby allowed,

................
United States District Judge.

## II. Power and jurisdiction to issue writ

### § 4. Generally.

28 USC § 2241(a) provides in pertinent part that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Subdivision (c) of § 2241 provides that the writ of habeas corpus shall not extend to a prisoner unless "(5) It is necessary to bring him into court to testify or for trial."

The writ of habeas corpus ad prosequendum now exists by virtue of 28 USC § 2241(c)(5).[5]

### § 5. Issuance of writ outside of district.

Although there is lower court authority to the contrary,[6] it is now settled that a Federal District Court has jurisdiction to issue a writ of habeas corpus ad prosequendum directing the production before it of a prisoner outside the territorial limits of the district. Carbo v United States (1961) 364 US 611, 5 L ed 2d 329, 81 S Ct 338; Downey v United States (1937) 67 App DC 192, 91 F2d 223; Noble v Botkin (1946) 80 App DC 354, 153 F2d 228; Taylor v United States (1956) 99 App DC 183, 238 F2d 259.

---

4. The forms were supplied by courtesy of United States Attorney, Western District of New York.

5. United States ex rel. Moses v Kipp (1956, CA7 Ill) 232 F2d 147.

6. Yodock v United States (1952, CA3 Pa) 196 F2d 1018 (dictum); Phillips v Hiatt (1949, DC Del) 83 F Supp 935; Re Van Collins (1958, DC Me) 160 F Supp 165.

See also Ex parte Lamar (1921, CJ2) 274 F 160, 24 ALR 864, affd 260 US 711, 67 L ed 476, 43 S Ct 251 (decided by Manton, Circuit Judge), and McCarty v United States Dist. Ct. (1927, CA8 Ark) 19 F2d 462, both containing some intimations of a similar view. The Yodock, Phillips, and Van Collins Cases were specifically disapproved by the Supreme Court in Carbo v United States (1961) 364 US 611, 5 L ed 2d 329, 81 S Ct 338.