IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00373 DAE |
| | ) | CV. NO. 07-00055 DAE BMK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE A. KAKINAMI , | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

AMENDED ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Leslie A. Kakinami's motion and the supporting and opposing memoranda, the Court DENIES Defendant's Motion to Vacate, Set Aside, or correct Sentence by a Person in Federal Custody ("§ 2255 Motion").

BACKGROUND

Defendant was arrested by State of Hawai`i ("State") authorities on August 12, 2005, and subsequently faced federal and State criminal charges. Defendant was transferred to federal custody on October 6, 2005, after her State

bail hearing and arraignment. On December 13, 2005, the Honorable Michael A. Town, Judge of the First Circuit Court of the Circuit Court of Hawaii ("State Circuit Court") issued an Order Directing Issuance of Writ of Habeas Corpus Ad Prosequendum ("State Writ") allowing State officials to secure physical custody of Defendant. (In the Matter of the Application of the State of Hawaii for a Writ of Habeas Corpus Ad Prosequendum re Leslie Ann Kakinami, S.P No. 05-1-0488 (1st Cir., Haw. 2005) at 3.) The State Writ commanded the United States Marshal Service ("USMS") to produce Defendant on January 18, 2006, "and at any time or times necessary until the conclusion of" the various State criminal charges pending against her. (State Writ at 4.) The State Writ further required that the State officials return Defendant to the custody of the USMS. (Id., ¶¶ 3-4.) On December 16, 2005, the State moved this Court for an Order authorizing the USMS to transfer physical custody of Defendant to State officials, based on the State Writ. (United States v. Kakinami, CR. NO. 05-00373, Application and Order Regarding Transfer of Custody to the State of Hawaii Regarding Writ of Habeas Corpus Ad Prosequendum at 1-2.) The transfer was necessary so that Defendant could appear before Judge Town to change her plea in the related State proceedings and be resentenced in unrelated State proceedings. (Id. at 2.) On December 16, 2006, Magistrate Judge Chang issued an order that required the

USMS to produce Defendant at any time necessary for the prosecution of the State criminal cases and ordered the State officials to return Defendant to the USMS upon the conclusion of those cases.  (United States v. Kakinami, CR. NO. 05-00373, Order Granting Temporary Transfer of Custody to the State of Hawaii Regarding Writ of Habeas Corpus Ad Prosequendum, entered December 16, 2005.)

On August 17, 2006, Defendant pled guilty in federal court to three counts of Bank Fraud in violation of 18 U.S.C. §§ 1344 and 1349 and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  (United States v. Kakinami, CR. No. 05-00373, J. in a Criminal Case, filed August 23, 2006 ("Federal Judgment") at 2.)  This Court sentenced Defendant to a total of sixty-nine months.  (See, id. at 3.)  The Court also sentenced Defendant to a total of five years supervised release.  (See, id. at 4.)  Finally, the Court ordered monetary restitution in the amount of $6,999.98 and assessed a special assessment in the amount of $400.  (Id. at 6.)

On August 22, 2006, Defendant was transferred back to the custody of the State pursuant to the State Writ.  On August 28, 2006, Judge Town sentenced Defendant to terms of incarceration of five years each for Forgery in the Second Degree (Count I) and Theft in the Second Degree (Count II) and ten years for

Identity Theft in the Second Degree (Count III), all to run concurrently. (State v. Kakinami, Cr. No. 05-1-1736, Judgment of Conviction and Sentence ("State Judgment") at 1.) According to the State Judgment, the sentence imposed in Cr. No. 05-1-1736 was also to run concurrently with Defendant's other State sentences and "the federal case presently serving." (Id.) On November 30, 2006, Judge Town ordered "the transport of the defendant . . . to the Federal Marshall service, where she is to be transported to the Federal Detention Center forthwith. The Defendant shall serve her term of imprisonment on the above-entitled cases in a Federal Facility . . . which will be identified by Federal authorities." (State v. Kakinami, Cr. No. 05-1-1736, Supplemental Sentencing Orders of the Court at 2 (1st Cir., Haw. 2006).)

        Defendant has not been transferred back to federal custody. On February 2, 2007, Defendant filed the instant § 2255 Motion, requesting that this Court order her immediate transfer to federal custody so she can begin serving her federal sentence, that she receive credit for the time elapsed between August 17, 2006, and the date this petition is granted, and that the Court appoint a special prosecutor to inquire into the denial of Defendant's federal constitutional rights. The United States filed its response on February 28, 2007. Defendant filed her reply on March 19, 2007, and a supplemental memorandum on April 25, 2007.

## STANDARD OF REVIEW

This Court's review of Defendant's motion is provided for by statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The court shall hold an evidentiary hearing on a petitioner's § 2255 motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory

statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). The court has discretion to ascertain whether a claim is substantial before granting full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963).

## DISCUSSION

Defendant seeks to have this Court order: (1) the commencement of her federal sentence; (2) her transfer to a federal facility; (3) that she receive credit toward her federal sentence for time served in State custody; and (4) an investigation into the alleged deprivation of her Constitutional rights. The United States argues that Defendant is not eligible for transfer to federal custody because her State sentence exceeds the three-year limit imposed by the Intergovernmental Agreement in effect between the State and Federal governments. (Gov.'s Response at 3.) The United States also contends that this Court lacks subject matter jurisdiction over this motion. (Id. at 5 (citations omitted).) Finally, the United States contends that Defendant does not have standing to challenge the decision of the two sovereigns regarding primary jurisdiction. (Id. at 5.)

In her reply, Defendant asks the Court to "correct" her sentence by specifying whether her federal sentence is to be concurrent with or consecutive to her State sentence. (Def.'s Reply at 2.) Defendant's other arguments are unclear. She appears to argue that her incarceration in the WCC is illegal because the minimum term for the State sentence is longer than the federal sentence, and she is being forced to serve her State sentence first. (Id.) Defendant next argues that the State abandoned its jurisdiction over her or consented to the transfer to federal jurisdiction during the State proceedings. (Id.) Defendant contends that this Court has jurisdiction over this matter because "[t]here is no question that defendant is in federal custody." (Id. at 5.) Defendant states that because the Federal Judgment did not state whether the sentence was to be concurrent with or consecutive to any State sentence imposed, this Court has jurisdiction to modify the Federal Judgment. (Id.) Without any additional argument and without citing to any law, Defendant states that this gives her standing to collaterally attack her imprisonment.

Here, Defendant is not attacking the legality of the Federal Judgment. She merely objects to her place of confinement. Defendant has not advanced any claims that: (1) this Court lacked jurisdiction to sentence her on August 17, 2006; (2) that the Federal Judgment suffers from any constitutional infirmity; or (3) that

the Court committed any error of law or fact of such substantial character such that her sentencing could be considered irregular and invalid.

The only alleged error is that the Court failed to specify whether her federal sentence should run concurrently with or consecutive to her State sentence. This, however, was not an error because, at the time of the federal sentencing, Defendant was not under any State sentence. Accordingly, this Court could not order a sentence to run concurrently with or consecutive to a sentence that did not exist. Taylor v. Sawyer, 284 F.3d 1143, 1148 (9th Cir. 2002) (citing United States v. Neely, 38 F.3d 458, 461 (9th Cir. 1994); United States v. Clayton, 927 F.2d 491, 492 (9th Cir. 1991)) ("the district courts cannot order a sentence to run either concurrently or consecutively to a non-existent term.") At the time this Court entered the Federal Judgment, the State had not yet imposed a sentence, and thus the district court did not have the discretion to characterize the sentence it imposed as either consecutive or concurrent. Id. (citing 18 U.S.C. § 3584). This perceived error is not sufficient to justify vacating and amending the Federal Judgment at this time because under the terms of 18 U.S.C. § 3584(a), multiple terms of imprisonment, including sentences mandated by different sovereigns, imposed at different times are presumed to run consecutively if the sentencing court is silent on the matter. Id. at 1148 (quoting 18 U.S.C. § 3584(a)) (applying the statute to a

habeas corpus petition brought under 28 U.S.C. § 2241 alleging that the Bureau of Prisons violated petitioner's constitutional rights by refusing to treat his state and federal sentences as concurrent.)  There is nothing unconstitutional about this presumption that would allow relief under 28 U.S.C. § 2255.

> It is a well recognized rule of law that a person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses.  Each is a sentence unto itself, otherwise there would be no orderly procedure in handling cases of this kind between two sovereigns.

United States v. Hardesty, 958 F.2d 910, 912 (9th Cir. 1992).  This Court does not have subject matter jurisdiction over such a claim under 28 U.S.C. § 2255.  See, United States v. Mett, 65 F.3d 1531, 1537 (quoting United States v. Addonizio, 442 U.S. 178, 186 (1979)) ("Postconviction remedies under § 2255 are limited to redressing a lack of jurisdiction by the sentencing court, a constitutional violation, and 'any error of fact or law of the "fundamental" character that renders the entire proceeding irregular and invalid.'")

       Furthermore, this Court notes that Defendant places great reliance on Judge Town's order that her State and federal sentences run concurrently and that she serve them in a federal facility.  This reliance is misplaced inasmuch as state judges have no authority to mandate how or where a federal sentence is carried out.

See, Taylor, 284 F.3d at 1151 ("state courts are not empowered to control punishment for federal crimes.").

Defendant also imputes more authority to this Court to provide the requested relief than is actually accorded under the law. "Determination of priority and custody and service of sentence between state and federal sovereigns is a matter of comity to be resolved by the executive branches of the two sovereigns." United States v. Warren, 610 F2d 680, 684 (9th Cir. 1980). Thus, the District Court does not have the power to order a prisoner's transfer from a state to a federal facility to serve a sentence. See, id.

## CONCLUSION

For the reasons stated above, the Court DENIES Defendant's Motion to Vacate, Set Aside, or Correct Sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 11, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Leslie A. Kakinami, CR No. 05-00373 DAE CV No. 07-00055DAE BMK; AMENDED ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE