ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 2 4 2007

at 10 o'clock and 10 min A M
SUE BEITIA, CLERK

CHRISTOPHER R. EVANS, 2463
2524 Oahu Avenue
Honolulu, Hawaii  96822
Telephone:  (808) 988-5375

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. 05-00373 DAE |
| Plaintiff, | ) |
| | ) NOTICE OF MOTION; |
| | ) DEFENDANT'S RULE 36, FEDERAL |
| vs. | ) RULES OF CRIMINAL PROCEDURE |
| | ) MOTION TO CORRECT AND/OR |
| LESLIE A. KAKINAMI, | ) AMEND SENTENCE; EXHIBIT "A"; |
| | ) DECLARATION OF COUNSEL; AND |
| Defendant. | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) SENTENCING DATE: August 17, 2006 |
| | ) JUDGE: Honorable David Alan Ezra |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that defendant's *Rule 36, Federal Rules of Criminal Procedure* motion to correct and/or amend sentence shall come on for hearing before the United States District Judge David Alan Ezra in his Courtroom, PJKK Federal Courthouse Building on _____, 2007, at _____ .m., or as soon thereafter as counsel may be heard.

-1-

DATED: Honolulu, Hawaii, _____5-24_____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant

## DEFENDANT'S RULE 36, FEDERAL RULES OF CRIMINAL PROCEDURE MOTION TO CORRECT AND/OR AMEND SENTENCE

COMES NOW, defendant LESLIE A. KAKINAMI, and pursuant to the provisions of *Rule 36, Federal Rules of Criminal Procedures*, moves this Honorable Court to correct and/or amend sentence imposed by the Court August 17, 2006 in order to achieve the intent of the Court's sentence.

This motion is supported by the attached declaration of counsel, and such further argument as may be presented at the hearing of this motion.

DATED: Honolulu, Hawaii, _____5-24_____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant

## DECLARATION OF COUNSEL

CHRISTOPHER R. EVANS, declares as follows:

-3-

1. Declarant is an attorney licensed to practice law and is presently practicing law in the City and County of Honolulu, State of Hawaii, and represents defendant above-named;

2. Notwithstanding defendant's presentation of her *Section 2255* motion on February 2, 2007, and the denial thereof by amended order denying defendant's motion to vacate, set aside or correct sentence entered May 11, 2007, defendant, nevertheless, maintains that the Court should entertain and grant the instant motion because the basis for this motion was not directly before the Court in the *Section 2255* motion and was not addressed by the Court in the denial of that particular motion;

3. The authority cited by defendant in support of this motion is a similar case in the United States District Court for the District of Hawaii entitled, *USA v. Leina'ala Reghi*, Cr. No. 05-00487 HG, a copy of the Minutes is attached hereto as Exhibit "A". Counsel for defendant in that case was Richard E. Gronna, Esq. In discussing this matter with Mr. Gronna, the facts of the *Reghi* case are identical to the facts of KAKINAMI in that *Reghi* was sentenced by the Federal Court on Day 1 and then *Reghi* was sentenced in Hawaii State Court on Day 2. Even though *Reghi* hadn't yet been sentenced in State Court at the time she was sentenced in Federal Court, just like KAKINAMI, the threat of State sentence was hanging over her head and the Court, Judge Gilmore presiding, agreed with counsel that in order to achieve the intent of the Court's prior sentence, the Court issued the same sentence except that imprisonment in the federal case is to run concurrently with the sentences in Hawaii State Court;

4. It is counsel's belief that the intent of the Court in sentencing KAKINAMI was that the Court's sentence would be paramount and be served first even though that intent has been frustrated, and that if there was a State sentence to be imposed by the Hawaii State Court, that the two sentences would, in fact, run concurrently. This state of affairs has been spread on the record in the federal proceeding as well as the State proceeding and suggests that the two sovereign's sentences be run concurrently;

-4-

5. Accordingly, defendant respectfully requests this Honorable Court to grant the instant motion in that the Court vacate the prior sentence imposed August 17, 2006 and re-sentence defendant to the same sentence in this case except that the judgment of conviction reflect that the federal sentence is to run concurrently with the sentences in state court identified as Cr. Nos. 02-1-0580; 02-1-1438; 02-1-2375; 02-1-2376; 03-1-0642; 03-1-0643; 03-1-0644; 05-1-1615; 05-1-1718 & 05-1-1736;

6. This motion is brought in the interest of justice and to achieve the intent of the Court's sentence.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: Honolulu, Hawaii, _____5-24_____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant