IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00373 DAE |
| | ) | CV. NO. 07-00055 DAE BMK |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE A. KAKINAMI , | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S RULE 36, FEDERAL RULES OF CRIMINAL PROCEDURE MOTION TO CORRECT AND/OR AMEND SENTENCE AND DENYING DEFENDANT'S EX PARTE MOTION TO EXTEND TIME WITHIN WHICH TO FILE NOTICE OF APPEAL AND MOTION FOR CERTIFICATE OF APPEALABILITY FROM DENIAL OF DEFENDANT'S SECTION 2255 MOTION

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Defendant Leslie A. Kakinami's motions and the supporting memoranda, the Court DENIES Defendant's Rule 36, Federal Rules of Criminal Procedure Motion to Correct and/or Amend Sentence and Denies Defendant's Ex Parte Motion to Extend Time Within Which to File Notice of Appeal and Motion for Certificate of Appealabiliy from Denial of Defendant's Section 2255 Motion.

Defendant's only argument in her motion is that this Court should have considered an allegedly similar case, United States v. Reghi, Cr. No. 05-00487, wherein Judge Gillmor vacated a prior sentence and imposed the same sentence except stated that it would run concurrently with the State sentence.

Rule 36 of the Federal Rules of Criminal Procedure provides that the Court may correct clerical errors in orders or in the record arising from oversight or omission. Fed. R. Cr. P. 36. This Court finds no clerical error in its previous order and Defendant has not argued that one exists.

To the extent Defendant meant to file her motion pursuant to Rule 35, this Court does not find Defendant's argument persuasive. First, Rule 35 applies only to correct clear error or to reduce a sentence for substantial assistance to the Government. Fed. R. Cr. P. 35. Defendant has not argued that either provision applies. Furthermore, a motion based on clear error must be filed within seven days after sentencing, something which Defendant did not do.

Moreover, this Court already considered the minutes from the Reghi case in its Order Denying Defendant's Motion to Vacate, Set Aside or Correct Sentence, as Defendant had attached the minutes to her Supplemental Memorandum. This Court, however, did not find the minutes persuasive since there was no evidence presented that the Reghi case had the same factual scenario

as this case, nor any evidence that Judge Gillmor had been presented with the same issues regarding whether this Court had jurisdiction.

Accordingly, the Court DENIES Defendant 's Rule 36, Federal Rules of Criminal Procedure Motion to Correct and/or Amend Sentence and Ex Parte Motion to Extend Time Within Which to File Notice of Appeal and Motion for Certificate of Appealabiliy from Denial of Defendant's Section 2255 Motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 30, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Leslie A. Kakinami, Cr. No. 05-00373 DAE, Cv. No. 07-00055 DAE-BMK; ORDER DENYING DEFENDANT'S RULE 36, FEDERAL RULES OF CRIMINAL PROCEDURE MOTION TO CORRECT AND/OR AMEND SENTENCE AND DENYING DEFENDANT'S EX PARTE MOTION TO EXTEND TIME WITHIN WHICH TO FILE NOTICE OF APPEAL AND MOTION FOR CERTIFICATE OF APPEALABILITY FROM DENIAL OF DEFENDANT'S SECTION 2255 MOTION