ORIGINAL

CHRISTOPHER R. EVANS, 2463
2524 Oahu Avenue
Honolulu, Hawaii 96822
Telephone: (808) 988-5375

Attorney for Defendant

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 5 2007

at __ o'clock and 25 min A. M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00373 DAE |
| ) | CV. NO. 07-00055 DAE BMK |
| Plaintiff, ) | |
| ) | DEFENDANT'S NOTICE OF APPEAL |
| vs. ) | AND MOTION FOR CERTIFICATE |
| ) | OF APPEALABILITY; |
| LESLIE A. KAKINAMI, ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION; AND CERTIFICATE OF |
| Defendant. ) | SERVICE |
| ) | |

DEFENDANT'S NOTICE OF APPEAL AND
MOTION FOR CERTIFICATION OF APPEALABILITY

Defendant LESLIE A. KAKINAMI hereby gives notice that she appeals to the United States Court of Appeals for the Ninth Circuit from this Court's Amended Order Denying Defendant's Motion to Vacate, Set Aside or Correct Sentence filed May 11, 2007 and Order Denying Defendant's Rule 36, Federal Rules of Criminal Procedure Motion to Correct and/or Amend Sentence filed May 30, 2007, and moves this Court to issue a Certificate of Appealability pursuant to *Rules 4(a)* and *22(b)* of the *Federal Rules of Appellate Procedure*, and 28 U.S.C., § 2253, and the attached memorandum in support of motion.

-1-

DATED: Honolulu, Hawaii, _____6-5_____, 2007.

_____/s/_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant

MEMORANDUM IN SUPPORT OF MOTION
FOR CERTIFICATE OF APPEALABILITY

I.

CERTIFICATE OF APPEALABILITY STANDARDS AND
MOTION FOR CERTIFICATE OF APPEALABILITY

A.  **Standards governing the Certificate of Appealability requirement and this Court's authority to issue a Certificate of Appealability.**

"[A] petitioner satisfies [the] standard [for issuing a Certificate of Appealability] by demonstrating that jurists of reason could disagree with the District Court's resolution of his constitutional claims." *Nevius v. Summer*, 105 F.3d 453, 458 (9th Cir. 1996). The Certificate of Appealability ("COA") requirement, in other words, calls for nothing more than a "threshold inquiry" that focuses on this Court's decision and does not require the Petitioner to show that his underlying habeas claim is meritorious or that he is likely to prevail on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 331, 336-37 (2003) (a COA does not require a showing that the appeal will succeed); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000). The COA requirement thus "constitutes a gatekeeping mechanism" and is intended to prevent expending "judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [an appellate court] through full briefing and argument of the potential merit of the issues that may appear, at first glance, to lack merit."

> As held in *Miller-El v. Cockrell, 537 U.S. 327, 336-38 (2003)*;
>
> [The COA] threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it.
>
> \* \* \* \* \* \*
>
> To that end, our opinion in *Slack* held that a COA does not require a showing that the appeal will succeed. Accordingly *a court of appeals should not decline the application for a COA merely because it believes the applicant will not demonstrate an entitlement to relief.* The holding in *Slack* would mean very little if appellate review were denied because the prisoner did not convince a judge . . . that he or she would prevail. It is consistent with § 2253 that *a COA will issue in some instances where there is not certainty of ultimate relief.* After all, when COA is sought, the whole premise is that the prisoner ' "has already failed in that endeavor.' "
>
> The concept of a threshold, or gateway, test was not the innovation of AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996]. Congress established a threshold prerequisite to Appealability in 1908, in large part because it was "concerned with the increasing number of frivolous habeas corpus petitions challenging capital sentences which delayed execution pending completion of the appellate process. . . ." By enacting AEDPA, using the specific standards the Court had elaborated earlier for the threshold test, Congress confirmed the necessity and the requirement of differential treatment for those appeals deserving attention from those that plainly do not.
>
> A prisoner seeking a COA must prove " 'something more than the absence of frivolity' " or the existence of mere "good faith" on his or her part. *We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.* [Emphasis added; citations omitted.]

**B.     Issues for which Defendant requests a COA.**

In accord with the foregoing statutory provisions and rules, Defendant requests that this Court issue a COA on the following issues:

1.   The District Court erred in finding that defendant did not present a sufficient showing that the sovereign state of Hawaii abandoned its jurisdiction of defendant in the criminal case before this Court and therefore defendant was in the primary jurisdictional custody of federal government and as such *should have been returned* to federal custody following sentencing in Hawaii State Court to commence her federal sentence.

2.   The District Court erred in not providing to this defendant the same equal justice that was provided by Chief Judge Helen Gilmore of this Court to another federal defendant with a similar federal/state sentencing dichotomy where the federal sentence was imposed first and then following the imposition of that sentence the State sentence was imposed, and the Hawaii State Authorities did not turn that defendant to federal custody, such that her federal sentence was not running concurrent with the state sentence, -- the related case being *United States of America v. Leina'ala Reghi, Cr. No. 05-000487 HG* in the United States District Court for the District of Hawaii.

II.

ARGUMENT IN SUPPORT OF ISSUING A COA

It stands to reason that the first in time is the first in right and such should be the case in this particular matter whereby the federal court was the first one to sentence the defendant to a lengthy term of imprisonment. Immediately following her federal sentence on August 17, 2006, defendant LESLIE A. KAKINAMI was taken directly to the custody of the U.S. Marshall Service and returned to the federal detention center where she remained for a total of 5 days from the date of sentencing. Her sentencing date being August 17, 2006, and her transfer back to state custody being August 22, 2006. At the very least, pursuant to 18 U.S.C., § 3585(a), one can argue that her federal sentence began on August 17, 2006, in that she was received in custody and was awaiting transportation to the official detention facility, hence the 5 days served at the Federal Detention Center, State of Hawaii.

Furthermore, the above-referenced calculation of a term of imprisonment, United States Code reference is to factored in when sentencing pursuant to U.S.S.G., § 5G1.3(b) requiring a federal sentence to run concurrently to an undischarged State sentence when the State sentencing has been taken into account in determining the offense level for the federal offense which is what occurred in this case.

In addition to these arguments, there is also the argument that what is fair for one federal defendant should also be fair for another federal defendant in similar circumstances. This is the relevance of the *Reghi* case referenced herein. As stated in the attached declaration of counsel to the motion and as the minutes show Chief Judge Gilmore issued an amended sentence reflecting that it be served concurrently with state sentences that were imposed by the Hawaii State Court *after Reghi* had been sentenced in federal court. Insofar as this case was in the United State District Court for the District of Hawaii, the Court herein easily could have taken judicial notice of the record and file of that case to verify any facts that the Court may have felt were necessary to be verified in order to issue an amended sentence similar to the amended sentence in the *Reghi* case. In short, defendant KAKINAMI has not been provided the due process of the law and has not been treated the same as the similarly situated federal defendant.

### III.
### CONCLUSION

For these reasons and authorities, defendant respectfully requests this Honorable Court to issue a COA on the issues set forth above.

DATED: Honolulu, Hawaii, _____ 6-5 _____, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant

-6-

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of Defendant's Notice Of Appeal And Motion For Certification of Appealability filed ___6-5-07___ was hand-delivered to the following-named person on ___6-5-07___.

|  | By: | U.S. Mail | Hand Delivered |
|---|---|---|---|
| TO: LESLIE E. OSBORNE, JR., ESQ.<br>Assistant U.S. Attorney<br>Room 6100, PJKK Federal Building<br>300 Ala Moana Blvd., Box 50183<br>Honolulu, Hawaii  9685 |  | [  ] | [ X ] |

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: Honolulu, Hawaii, ___6-5___, 2007.

_____
CHRISTOPHER R. EVANS, ESQ.
Attorney for Defendant