IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00373 DAE |
| | ) | CV. NO. 07-00055 DAE BMK |
| Plaintiff-Respondent, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LESLIE A. KAKINAMI, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| _____ | ) | |

ORDER DENYING DEFENDANT'S REQUEST FOR
CERTIFICATE OF APPEALABILITY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. On June 5, 2007, Defendant Leslie A. Kakinami filed a Notice of Appeal from the Court's Amended Order Denying Defendant's Motion to Vacate, Set Aside or Correct Sentence, filed on May 11, 2007 ("Order Denying Motion to Vacate"), and Order Denying Defendant's Rule 36, Federal Rules of Criminal Procedure Motion to Correct and/or Amend Sentence, filed on May 30, 2007 ("Order Denying Rule 36 Motion"). After reviewing Defendant's Notice of Appeal from the Court's Order Denying Motion to Vacate and Order Denying Rule 36 Motion, the Court DENIES Petitioner's Certificate of Appealability ("COA").

BACKGROUND

On August 17, 2006, Defendant pled guilty in federal court to three counts of Bank Fraud in violation of 18 U.S.C. §§ 1344 and 1349 and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A.  (United States v. Kakinami, CR. No. 05-00373, J., filed August 23, 2006.)  The Court sentenced Defendant to a total of sixty-nine months.  The Court also sentenced Defendant to a total of five years supervised release.  Finally, the Court ordered monetary restitution in the amount of $6,999.98 and assessed a special assessment in the amount of $400.

On August 22, 2006, Defendant was transferred back to the custody of the State of Hawaii ("State") pursuant to the Writ of Habeas Corpus Ad Prosequendum ("State Writ"), which the Honorable Michael A. Town ("Judge Town"), Judge of the First Circuit Court of the Circuit Court of Hawaii had ordered.  On August 28, 2006, Judge Town sentenced Defendant to terms of incarceration of five years each for Forgery in the Second Degree (Count I) and Theft in the Second Degree (Count II) and ten years for Identity Theft in the Second Degree (Count III), all to run concurrently.  (State v. Kakinami, Cr. No. 05-1-1736, Judgment of Conviction and Sentence.)  According to the state judgment, the sentence imposed in Cr. No. 05-1-1736 also was to run concurrent with

Defendant's other state sentences and "the federal case presently serving."  On November 30, 2006, Judge Town ordered "the transport of the defendant . . . to the Federal Marshall service, where she is to be transported to the Federal Detention Center forthwith.  The Defendant shall serve her term of imprisonment on the above-entitled cases in a Federal Facility . . . which will be identified by Federal authorities."  (State v. Kakinami, Cr. No. 05-1-1736, Supplemental Sentencing Orders of the Court.)

As of February 2, 2007, Defendant had not been transferred back to federal custody.  As such, Defendant filed a § 2255 Motion, requesting that the Court order her immediate transfer to federal custody so that she could begin to serve her federal sentence, receive credit toward her federal sentence for time served in State custody, and have a special prosecutor appointed to inquire into the denial of Defendant's federal constitutional rights.  The Government had opposed the § 2255 Motion, arguing, inter alia, that Defendant was not eligible for transfer to federal custody because her state sentence exceeded the three-year limit that the Intergovernmental Agreement between the State and the Hawaii Department of Public Safety ("Intergovernmental Agreement") imposed.  In her reply, Defendant had asked the Court to "correct" her sentence by specifying whether her federal sentence was to run concurrent with or consecutive to her state sentence.

On May 11, 2007, the Court denied Defendant's § 2255 Motion, finding that Defendant's arguments failed because she did not attack the legality of the federal sentence. Rather, she merely objected to her place of confinement, which objection was improper for a § 2255 Motion. In sum, the Court found that Defendant failed to advance any claims that: (1) the Court lacked jurisdiction to sentence her on August 17, 2006; (2) the federal judgment suffered from any constitutional infirmity; or (3) that the Court committed any error of law or fact of such a substantial character that her sentencing could be considered irregular and invalid.

The only alleged error was that the Court failed to specify whether Defendant's federal sentence should run concurrent with or consecutive to her state sentence, which the Court found lacked merit because, at the time of the federal sentencing, the State had not yet imposed a sentence. Because Defendant was not under a state sentence, the Court could not have determined whether Defendant's sentence could run concurrent with or consecutive to her federal sentence. Moreover, under 18 U.S.C. § 3584(a), if the sentencing court is silent on the matter, a presumption exists that multiple terms of imprisonment are to run consecutively.

On May 24, 2007, Defendant filed a Rule 36, Federal Rules of Criminal Procedure Motion to Correct and/or Amend Sentence, requesting that the Court correct or amend her sentence imposed on August 17, 2006. Defendant alleged that the Court committed error, arguing that it should have considered an allegedly similar case, United States v. Reghi, Cr. No. 05-00487, wherein Judge Helen Gillmor vacated a prior federal sentence and imposed the same sentence while stating that it would run concurrent with the state sentence. On May 30, 2007, the Court denied that Motion because Federal Rules of Criminal Procedure ("Fed. R. Cr. P.") 36 provides that a Court may correct clerical errors arising from oversight or omission, not alleged legal errors. To the extent that Defendant intended to file her Motion pursuant to Fed. R. Cr. P. 35, the Court, too, denied Defendant's Motion on the ground that Defendant had not alleged clear error or that her sentence should be reduced for substantial assistance. Moreover, the Court already had considered the minutes from the Reghi case in its Order Denying Motion to Vacate, and it had determined at that time that the minutes were not persuasive because Defendant failed to point to specific portions of the record that would show that the Reghi case presented the same or similar factual scenario or issues.

On June 5, 2007, Defendant filed a Notice of Appeal, appealing both orders.

## STANDARD OF REVIEW

A petitioner must specifically request a COA as to each issue that he or she wishes to appeal, and a court may not consider on appeal any issue not specified in a COA. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999) (citing 28 U.S.C. § 2253(c)). "If no express request is made for a certificate of appealability, the notice of appeal shall be deemed to constitute a request for a certificate." United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). Upon filing a notice of appeal, a district judge who renders the judgment must issue a COA or state why such a certificate should not issue. See Federal Rules of Appellate Procedure ("FRAP") 22(b)(1).

To obtain a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The COA shall indicate which specific issues satisfy that "relatively low" standard. See 28 U.S.C. § 2253(c)(3); Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir. 2002). The standard is satisfied when the "petitioner can 'demonstrate that the issues are

debatable among jurists of reason; that a court could resolve the issues [differently]; or that the questions are adequate to deserve encouragement to proceed further.'" Jennings, 290 F.3d at 1010 (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)); see also Slack v. McDaniel, 529 U.S. 473, 483 (2000).

## DISCUSSION

Defendant presents the following questions for appeal: (1) whether the Court erred in finding that she had failed to present a sufficient showing that the State had abandoned its jurisdiction over her and, thus, had consented to her transfer to federal jurisdiction during the State proceeding and (2) whether the Court erred in not following the Reghi decision.

First, the Court did not make any rulings on the State's abandonment of jurisdiction. Rather, it found that Defendant's § 2255 Motion failed to attack the legality of Defendant's federal sentence. Specifically, the Court found that Defendant did not have a constitutional right to determine her place of confinement, and Defendant did not raise any claims that would permit the Court to vacate, to set aside, or to correct her sentence. Additionally, although not specifically mentioned in the body of the Order Denying Motion to Vacate,

Defendant was not even eligible for transfer to federal detention, pursuant to the Intergovernmental Agreement, because her state sentence exceeded three years.

Defendant argues that, according to 18 U.S.C. § 3585(a), she began to serve her federal sentence on August 17, 2006, when she returned to federal detention where she remained for five days until she was transferred back to state custody on August 22, 2006.  Thus, at the least, she argues that she should have received credit toward her federal sentence for those five days.

The Court did not, however, have authority to make such a sentence computation.  That authority belongs to the Attorney General, which has delegated it to the Federal Bureau of Prisons, pursuant to 28 C.F.R. § 0.96 (2002).  See United States v. Wilson, 503 U.S. 329 (1992).

Second, Defendant argues that, in regard to the Reghi decision, the Court "easily could have taken judicial notice of the record and file of that case to verify any facts that the Court may have felt were necessary to be verified[.]" Defendant did not, however, alert the Court to any portion of the record in the Reghi case that would have supported Defendant's argument.  Significantly, the Reghi decision was not, nor has it ever been, part of the record in the instant case.

Defendant merely attached a copy of the minutes from that case, which provided the Court with no information on the procedural history or any other information regarding the substance of the case.  The minutes noted that Judge Gillmor vacated the prior federal sentence and imposed the same sentence except to order that the federal sentence would run concurrent with the state sentences.  As the Ninth Circuit has stated time and time again, neither district courts nor reviewing courts have a duty to comb through the record to help a party prove his or her case, particularly when the party does not even alert the Court to the relevant portions of the record to which the party refers.  See, e.g., Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1029 (9th Cir. 2001); United States v. Lira-Barraza, 897 F.2d 981, 988 n.14 (9th Cir. 1990).  Notably, Defendant was and is represented by counsel, and she is not proceeding pro se.  As it is, Defendant should have, at the least, alerted the Court to or attached as part of the record the relevant portions of the record in the Reghi case for the Court to review.  Defendant did neither.

Accordingly, Defendant has failed to present the Court with a viable issue for appeal that would deserve encouragement to proceed further.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's COA.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 18, 2007.



_____
David Alan Ezra
United States District Judge

United States of America vs. Leslie A. Kakinami, Cr. No. 05-00373 DAE; Civil No. 07-00055 DAE-BMK; ORDER DENYING DEFENDANT'S REQUEST FOR CERTIFICATE OF APPEALABILITY